CHICAGO AND ALTON RAILROAD COMPANY

*v.*

WILLIAM A. PENNELL.

*Filed at Springfield March 26, 1884.*

1. NEGLIGENCE—*injury from fire communicated by locomotive engine—burden of proof as to the cause.* The statute which declares that in actions for damages for injury to property "occasioned by fire communicated by any locomotive engine while passing along any railroad," shall be *prima facie* evidence "to charge with negligence" the owner or operator of the road at the time, was intended to charge upon the company using the locomotive all injuries which are shown to have resulted from fire from a passing train, unless the company defendant can rebut such conclusion by proof showing that the loss was not occasioned by its negligence.

2. SAME—*remote and proximate cause.* Where a railway company, through negligence by the escape of fire from its locomotive engine, sets fire to a depot, from which a hotel in the vicinity is destroyed, to make the company liable to the owner of the hotel it is not necessary that the burning of the hotel should be so certain to result from the burning of the depot that a

reasonable person could have foreseen that the hotel *would* burn, or that it probably would. It is enough if it be a consequence so natural and direct that a reasonable person might, and naturally would, see that it was *liable* to result from the burning of the depot.

3. Evidence — *proving prior statements of witness—as affecting his credibility.* If a witness testifies to a given thing as a fact having a bearing on the issue, and it can be shown that he has uttered words or done acts which he would not have uttered or done if his sworn statement were true, ,he may be interrogated thereto, and if he denies such matter, the same may be proved, not as a fact bearing upon the issue, but as a fact bearing upon the credibility of the witness.

4. In an action against a railway company for the negligent escape of fire, whereby a depot building was set on fire, causing also the burning of the plaintiff's hotel in the vicinity, a witness for the defendant testified to certain matters which, if true, tended to show that the engine did not set fire to the depot. On cross-examination he was asked if he did not, on a certain trip on a railroad, in a certain year, say to a person named that he had heard that the plaintiff was going to bring suit, and if he did he could recover, because he knew that the engine did set fire to the depot and the depot set fire to the hotel, which he denied saying. The person named was called, and testified that the witness did say so in substance, though he could not give the exact words. This was objected to as not the proof of a fact pertinent to the issue: *Held,* that the court did not err in admitting the impeaching evidence.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. Owen T. Reeves, Judge, presiding.

This is an appeal from the judgment of the Appellate Court, affirming the judgment of the circuit court of McLean county, in an action on the case, brought by Pennell, against the railroad company, in May, 1875, seeking to recover the value of a hotel and its furniture, which was destroyed by fire on February 14, 1872, upon allegations that such loss was caused by the fault of the railroad company. The action was begun in 1875, and was first tried in 1877, and judgment went for plaintiff. Afterwards the case was brought before this court. It is reported in 94 Ill. 448. To that report reference is made for the early history of the action. Judgment before that entered for plaintiff was then reversed by this court,

upon the ground, chiefly, that it was thought by a majority of this court, and so declared, that "there is such a clear preponderance of proof tending to establish the fact that the fire originated *in the hotel*," the judgment ought to be reversed. The cause was remanded, that the facts should be submitted to another jury, under proper instructions. After coming back to the circuit court, the issues were again tried by a jury, under the direction of the court, and another verdict found for plaintiff, and judgment was entered upon the verdict. This judgment was affirmed by the Appellate Court, and the railroad company appeals to this court.

On the trial in the circuit court, the court gave, at the request of plaintiff, the following instructions :

"1.   That if you believe, from the evidence, that fire was communicated from a locomotive engine used by the defendant upon its railway, to the depot at Normal, on the night in controversy, and if you further believe, from the evidence, that by reason of such fire, so communicated, the said depot burned up, and that the depot fire directly caused a hotel, then owned by the plaintiff, to take fire, and thereby to burn up, then the fact that such fire was so communicated should be taken by the jury as full *prima facie* evidence to charge the corporation using the road and the engine, with negligence, unless it further appears, from the evidence, that said engine was in good order, and was carefully managed, at the time of the alleged communication of fire, and provided the plaintiff was not guilty of negligence in relation to said fire, and used reasonable efforts to put it out, and save his property.

"2.   That if the jury find the defendant guilty, they should not consider anything said by counsel as to the amount of any alleged insurance on the property destroyed, nor should the jury deduct anything from the reasonable value of the property, if that be proven by the evidence, on account of such insurance.

"3.   If the jury believe, from the evidence, that the defendant was guilty of negligence, as charged in the original declaration, or any count thereof, and that by reason of such negligence fire was communicated to and destroyed the Normal depot, from an engine used by the defendant on its railway, and that the depot fire necessarily destroyed the hotel, then, if such evidence proves that such destruction of said hotel was without fault on the part of the plaintiff, you should find the defendant guilty.

"4.   If you find the defendant guilty, and find, from the evidence, that the plaintiff was free from negligence in the matter of burning the hotel, or his efforts to put out the fire, or in caring for and removing furniture from the burning building, then you should assess the plaintiff's damages at the value of the hotel and furniture necessarily destroyed by fire, if such value is shown by the evidence."

At the request of defendant, the court instructed the jury as follows :

"1.   Under the issues in this case the burden of proof is upon the plaintiff to prove, by the preponderance of the evidence, that the fire that burned the depot was communicated by sparks from the passing train.

"2.   If you believe, from the evidence, that the depot at Normal was owned by the Illinois Central Railroad Company, and was in charge of men selected, employed by, and under control of said Illinois Central Railroad Company, then the mere fact that the defendant may have paid to some of said men in charge of the depot a part of their wages, would not make the defendant liable for the manner in which the depot was conducted or managed.

"3.   The court further instructs the jury, for the defendant, that if they believe, from the evidence, that the fire that consumed the depot originated from a defective stove-pipe or flue in the depot, you will find the defendant not guilty.

"4.   The court instructs the jury, for the defendant, that the considerations mentioned in the deeds offered in evidence by the plaintiff to prove title, are not to be regarded by the jury as any evidence of the value of the property at the time of the fire.

"5.   The court further instructs the jury, for the defendant, that before the plaintiff can recover in this case, he must prove, by a preponderance of the evidence, first, that the defendant wrongfully set fire to the depot; second, that the fire that consumed the hotel was communicated from the said depot building.   It is not enough, to enable the plaintiff to recover, to prove that sparks escaped from defendant's locomotive, which possibly might have caused the fire or fires in controversy, but he must prove, by a preponderance of the evidence, that such spark or sparks, if any, did cause such fire or fires."

Defendant asked certain other instructions to be given, which the court gave, with certain modifications.   These instructions, as modified, were as follows, the modifications consisting of the adding by the court of the words in italics, and erasing the words found in brackets:

"1.   The court further instructs the jury, for the defendant, that the defendant had a right to use a locomotive engine propelled by steam, and is not an insurer against fire communicated from such locomotive; that all the law requires of the defendant was to have its locomotive provided with the best known appliances to prevent the escape of fire, *and to keep the same in repair*, and then have it managed with reasonable prudence, care and skill.   If, then, the jury believe, from the evidence, that the locomotive in controversy was, at the time in controversy, provided with the best known appliances to prevent the escape of fire, which were in good repair, and was managed with reasonable prudence, care and skill, then they should find for the defendant, even though the jury

should believe, from the evidence, that the fire that consumed the depot was communicated from the locomotive, and that the burning of the hotel was such a direct and natural consequence of the burning of the depot, as might have been foreseen by any reasonable man at the time.

"2. The court further instructs the jury, for the defendant, that all persons erecting buildings in the immediate vicinity of a railroad track take the risks of fire communicated from passing engines, provided such engines are equipped with the best known appliances to prevent the escape of fire, *and kept in repair*, and are managed with reasonable care and skill, even though the danger may be greatly increased by high winds or proximity to other buildings.

"3. The court further instructs the jury, for the defendant, that the plaintiff can not recover in this case on account of a defective flue or stove in the depot of defendant, as charged in plaintiff's *amended* declaration.

"4. The court further instructs the jury; for the defendant, that even if the jury do believe, from a preponderance of the evidence, that the fire that consumed the hotel did originate from sparks from the engine, yet if they further believe, from the evidence, that the engine at that time was furnished with the best known appliances to prevent the escape of fire, which were in good repair, and was managed with reasonable care and skill, then the defendant is not liable, and they should find the defendant not guilty.

"5. The court further instructs the jury, for the defendant, that before the plaintiff can recover in his case [on his original declaration,] he must prove, by a preponderance of the evidence, first, that the defendant wrongfully set fire to the depot [either by an engine not managed with reasonable care and skill, or by an engine not in a reasonably safe condition] ; second, that the fire that consumed the hotel was communicated from the said depot [building.] "

The court refused to give the following among other instructions asked by defendant:

"1.    The court further instructs the jury, for the defendant, that before the plaintiff can recover in his case on his original declaration, he must prove, by a preponderance of the evidence, first, that the defendant wrongfully set fire to the depot, either by an improperly managed engine, or by an engine in an improper condition; and second, that the fire that consumed the hotel was communicated from the said depot building; and third, that such burning of the hotel was such a natural and direct consequence of the burning of the depot, as might have been foreseen by any reasonable person at the time."

Messrs. Williams, Burr & Capen, for the appellant:

To sustain a recovery in an action like this, it is not enough for the plaintiff to show a possibility, or even a probability, that the fire was communicated from sparks emitted from a locomotive.    The law requires positive proof, and the proof must negative every other probable cause of the fire. *Sheldon* v. *Hudson River R. R. Co.* 29 Barb. 226; *Burke* v. *Louisville and Nashville R. R. Co.* 7 Heisk. 451; *Sheldon* v. *Hudson River R. R. Co.* 14 N. Y. 218; *Smith* v. *Hannibal and St. Joseph R. R. Co.* 37 Mo. 287; Shearman & Redfield on Negligence, sec. 333.

A person is not liable for the result of acts done in the pursuit of a lawful business, in the absence of the violation of positive law, unless the result of such acts was a probable consequence, that might have been reasonably foreseen by a man of ordinary prudence.    *Ryan* v. *New York Central R. R. Co.* 35 N. Y. 210; Addison on Torts, sec. 3; Cooley on Torts, 530; Moak's Underhill on Torts, rule 26, p. 271; *Fent* v. *Toledo, Peoria and Warsaw Ry. Co.* 59 Ill. 349; *Toledo, Wabash and Western Ry. Co.* v. *Muthersbaugh,* 71 id. 572;

*Illinois Central R. R. Co.* v. *Mills,* 42 id. 407; *Ohio and Mississippi R. R. Co.* v. *Shauefelt,* 47 id. 497; *Chicago and Alton R. R. Co.* v. *Quaintance,* 58 id. 389; *Toledo, Wabash and Western Ry. Co.* v. *Larman,* 67 id. 68; *Chicago and Alton R. R. Co.* v. *Pennell,* 94 id. 448; *Great Western R. R. Co.* v. *Haworth,* 39 id. 346; *Ryan* v. *New York Central R. R. Co.* 35 N. Y. 210; *Kerr* v. *Pennsylvania R. R. Co.* 62 Pa. 353; *Field* v. *New York Central R. R. Co.* 32 N. Y. 339; *Pennsylvania R. R. Co.* v. *Hope,* 80 Pa. St. 373; *Hoag* v. *L. S. and M. S. R. R. Co.* 85 id. 293; *Sheldon* v. *Hudson River R. R. Co.* 25 Barb. 226; 14 N. Y. 218; *Atchison, Topeka and Santa Fe R. R. Co.* v. *Bales,* 16 Kan. 252; *Doggett* v. *R. and D. R. R. Co.* 78 N. C. 305; *Snyder* v. *P. R. R. Co.* 11 W. Va. 14; *Spaulding* v. *Chicago and Northwestern Ry. Co.* 30 Wis. 110; *Smith* v. *Hannibal and St. Joseph R. R. Co.* 37 Mo. 287; *M. R. R. Co.* v. *Kellogg,* 94 U. S. 469; *Clemens* v. *Hannibal and St. Joseph R. R. Co.* 53 Mo. 356; *Henry* v. *S. P. R. R. Co.* 50 Cal. 176; *Kellogg* v. *Chicago and Northwestern Ry. Co.* 26 Wis. 223.

It is not negligence *per se* to use wood in a coal-burning locomotive.   *Chicago and Alton R. R. Co.* v. *Pennell,* 94 Ill. 448; *Collins* v. *New York Central R. R. Co.* 5 Hun, 499.

Care and negligence are always purely relative terms.   Like all other questions of right and wrong, the only criterion is the circumstances of each individual case.   Cooley on Torts, 630; *Holly* v. *Boston R. R. Co.* 8 Gray, 123; *Fletcher* v. *B. and M. R. R. Co.* 1 Allen, 9.

An opinion expressed by a witness, inconsistent with a fact testified to by him, can not be admitted in evidence to impeach his credibility.   To do so is error.   *Lane* v. *Bryant,* 9 Gray, 245; *Holmes* v. *Anderson,* 18 Barb. 420; *Hall* v. *Young,* 37 N. H. 134; *Elton* v. *Larkins,* 5 C. & P. 385; *Rucker* v. *Beaty,* 3 Ind. 70.

Mr. WILLIAM E. HUGHES, and Messrs. STEVENSON & EWING, for the appellee:

The burden of proof was on the appellant to show two things: First, that the engine was properly managed; second, that it was, at the time of the communication of fire, in good order. *Chicago and Northwestern Ry. Co.* v. *McCahill,* 56 Ill. 28; *St. Louis R. R. Co.* v. *Montgomery,* 39 id. 335; *Illinois Central R. R. Co.* v. *Mills,* 42 id. 407; *Chicago and Alton R. R. Co.* v. *Quaintance,* 58 id. 389; *Chicago and Alton R. R. Co.* v. *Clampitt,* 63 id. 97; *Illinois Central R. R. Co.* v. *McClelland,* 42 id. 358; *Jackson* v. *Chicago and Northwestern Ry. Co.* 31 Iowa, 176.

The engine being a coal burner, the use of wood on it on the night of the fire was negligence. *Chicago and Alton R. R. Co.* v. *Quaintance,* 58 Ill. 399; *Wall* v. *Barton,* 40 Barb. 137; Shearman & Redfield on Negligence, sec. 328.

The escape of fire from that engine was the proximate cause of the destruction of the hotel. *Fent* v. *Toledo, Peoria and Warsaw Ry. Co.* 59 Ill. 349; *Milwaukee R. R. Co.* v. *Kellogg,* 94 U. S. 469; *Pennsylvania R. R. Co.* v. *Hope,* 80 Pa. St. 379; *Atchison, Topeka and Santa Fe R. R. Co.* v. *Bales,* 16 Kan. 252; *Webb* v. *R. W. and O. R. R. Co.* 49 N. Y. 420; *Kellogg* v. *Chicago and Northwestern Ry. Co.* 26 Wis. 224; *Henry* v. *S. P. Ry. Co.* 50 Cal. 176; *Higgins* v. *Dewey,* 107 Mass. 494; *A. C. R. R. Co.* v. *Gnatt,* 39 Md. 115; *Baltimore and Ohio R. R. Co.* v. *Shepley,* id. 252; *A. R. R. Co.* v. *Stamford,* 12 Kan. 354.

The fact that the engine threw out an unusual amount of fire, is itself proof of negligence. *Bass* v. *Chicago, Burlington and Quincy R. R. Co.* 28 Ill. 18; *Chicago and Northwestern Ry. Co.* v. *McCahill,* 56 id. 28; *Field* v. *New York Central R. R. Co.* 32 N. Y. 346; *Hall* v. *S. R. R. Co.* 14 Cal. 389; *Bedford* v. *H. R. R. Co.* 46 Mo. 456; *Ellis* v. *P. and S. R. R. Co.* 2 Ired. 140; *Bedell* v. *L. I. R. R. Co.* 44 N. Y. 367.

The fact that more steam was employed than was necessary, is proof of negligence. *Great Western R. R. Co.* v. *Haworth,* 39 Ill. 456; *Gaudy* v. *Northwestern R. R. Co.* 30 Iowa, 420.

The appellant was bound to use more care and caution in running a train when the wind was blowing than in ordinary weather. *Smith* v. *O. C. and N. R. R. Co.* 10 R. I. 26; *Ferro* v. *B. and S. L. R. R. Co.* 22 N. Y. 209; *Webb* v. *R. W. and O. R. R. Co.* 49 id. 420; *Kelsey* v. *Barney,* 2 Kern. 425; *Kellogg* v. *Chicago and Northwestern Ry. Co.* 26 Wis. 236; *Frankford Turnpike Co.* v. *Pennsylvania R. R. Co.* 54 Pa. St. 345; *Fletcher* v. *B. R. R. Co.* 1 Allen, 9; *Cunningham* v. *Hale,* 4 id. 268; *Cayzen* v. *Taylor,* 10 Gray, 274; *Great Western R. R. Co.* v. *Haworth,* 39 Ill. 346.

The fact that the hotel of appellee was within one hundred feet of the appellant's track, does not bar his recovery in this case. *I. and C. R. R. Co.* v. *Parmore,* 31 Ind. 149; *Cook* v. *Champlain Co.* 1 Denio, 91; *Vaughn* v. *Teff, Vale & Co.* 1 H. & N. 743; *Ferro* v. *B. and S. L. R. R. Co.* 22 N. Y. 209; *Fitch* v. *Pennsylvania R. R. Co.* 45 Mo. 322; *Jeffries* v. *Pennsylvania R. R. Co.* 3 Houst. 447; *Ward* v. *M. R. R. Co.* 29 Wis. 144; *Burke* v. *Louisville and Nashville R. R. Co.* 7 Heisk. 451; *B. R. R. Co.* v. *Westover,* 4 Neb. 268; *Salmon* v. *D. L. and W. R. R. Co.* 38 N. J. L. 5; *Pennsylvania R. R. Co.* v. *Hendrickson,* 80 Pa. St. 182.

The law does not require positive proof that the fire was caused by the engine of defendant, but only such proof as will leave no reasonable doubt of that fact. *Sheldon* v. *Hudson River R. R. Co.* 29 Barb. 229; *Atchison, Topeka and Santa Fe R. R. Co.* v. *Bales,* 16 Kan. 252; *Pennsylvania R. R. Co.* v. *Stragan,* 79 Pa. St. 405; *Freeman* v. *Railroad Co.* 10 C. B. (N. S.) 89; *L. R. R. Co.* v. *David,* 52 Pa. St. 379.

Mr. Justice Dickey delivered the opinion of the Court:

When the case was passed upon by this court, (as shown in 94 Ill. 448,) it was our duty, by statute, to consider the weight of the evidence, and pass upon the same, in determining whether it was error in the circuit court to deny a new trial. Since that time the statute has relieved us of that duty, and findings of fact made or approved by the Appellate Court, in actions of this kind, are conclusive in this court, unless the record shows affirmatively that the circuit court committed some error as to the law of the case, which may have controlled the finding. In this case we can review only the decision of the circuit court upon questions of law. It is plain this judgment must be affirmed unless some material ruling of the circuit court made upon the trial, upon some question of law, can be shown to be erroneous.

Appellant complains that in the instructions given at the instance of appellee, the court erred in this, that, as is contended, these instructions ignore the question whether or not the burning of the depot was such a result of the negligence complained of as ought to have been foreseen by defendant and its servants at the time. The record does not show that the court was specially requested by defendant to declare the law as to this particular question, as is claimed it should have been declared. Take the whole charge together, it seems to lay down the law with substantial accuracy,—to have been consistent in all its parts, and sufficiently full,— and we can not see that it was calculated to mislead the jury. The governing facts were fairly submitted to the jury. The statute declares that in actions for damages from injury to property "occasioned by fire communicated by any locomotive engine while passing along any railroad, * * * the fact that such fire was so communicated" shall be *prima facie* evidence "to *charge with negligence*" the owner and operators of the road at the time. It seems plain that this statute was

intended to charge upon the company using the locomotive, all injuries which are shown to have resulted from fire from a passing train, unless the defendant could rebut such conclusion by proof showing that the loss was not occasioned by negligence of defendant. The instructions given at plaintiff's instance are but four in number, and go no farther than the statute provides in this regard.

The five instructions given at the request of defendant, and especially instruction No. 5, present the defence set up. If defendant had wished to have the jury pass upon the question as to whether the burning of the hotel was or was not a consequence of the firing of the depot so unlikely to occur as not to be a part of the proximate and natural consequences of the firing of the depot, the attention of the court should have been particularly called to that question, in a properly drawn and unobjectionable instruction, directly upon that point. This was not done.

There is one expression in the first refused instruction asked by defendant, relating to the question of the remoteness of the damages in question. That instruction, however, was properly rejected and refused. Not only was it embodied in an instruction which is confessedly erroneous in two of its propositions, but the proposition on the subject under consideration does not state the law correctly. It is not essential, to charge the defendant with the loss caused by the burning of the hotel, that the burning of the hotel should have been a consequence of the burning of the depot so apt to follow that it might have *been foreseen* by a reasonable person at the time. It was not at all necessary that the burning of the hotel should have been so certain to result from the burning of the depot that a reasonable person could have foreseen that the hotel *would* burn, or that it would probably burn. It is enough if it be a consequence so natural and direct that a reasonable person might, and naturally

would, see that it was *liable* to result from the burning of the
depot,—that is, that it might follow.

There was no error in modifying the instructions asked by
defendant, as was done. It is not necessary to· discuss in
detail all the criticisms of counsel in relation to the several
instructions. It is enough to say we find no substantial
error in that regard which might have misled the jury.

Some objections are raised to the rulings of the court in
admitting and excluding evidence, but we find no substantial
error in that regard. It may not be improper to notice par-
ticularly what counsel chooses to call "the grossest error in
the rulings of the court upon the admissibility of evidence."
Stewart, a witness for defendant, had testified that his atten-
tion was called to the fire burning the depot, at a very early
stage, and that it was in the inside of the wall, and not on
the outside, and also that he was watching the hotel just
before and at the time the fire burst forth there, and that it
seemed to him "as though a fire was inside the weather-
boarding, and burned and charred this outside, and then it
burned through." The statements tended to show that the
burning of the depot was caused not from fire thrown from
the engine, but from fire from the inner part of the depot,
and also that the burning of the hotel was not caused by
fire from the depot, but from a fire which begun in the inside
of the hotel. The declaration of Stewart, which on cross-
examination he denied having made, and which plaintiff was
permitted to prove, was, that "the engine set fire to the depot
and the depot set fire to the hotel." This relates to a fact,
and not to an opinion, merely. Witness was present, and
had apparently the means of knowing at least the source of
the fire which burned the hotel. If the language was such
that it might be regarded either as a statement of an ascer-
tained fact, or as merely an expression of opinion, it was not
error to allow it to go to the jury. We think there was no

error in permitting plaintiff to prove that Stewart had made that statement.

Finding no error of law which we can see might have misled the jury, and having no lawful authority to pass upon the weight of the evidence as to questions of fact, we affirm the judgment.

*Judgment affirmed.*

Mr. JUSTICE CRAIG, dissenting.