## Cal Hirsch & Sons' Iron & Rail Company v. Edward Coleman.

1. WITNESS—*may explain circumstances under which he made contradictory statements.* A witness confronted with a written statement made by him out of court, which conflicts with what he has testified to in court, may usually be allowed to explain the circumstances under which he made such statement out of court, together with his purpose in making it, and how he understood it at the time it was made.

2. WITNESS—*what essential to impeachment of.* The right of impeachment is lost by failing to lay foundation therefor.

3. CROSS-EXAMINATION—*when refusal of court to permit recalling of witness for further, not error.* It is within the sound discretion of the court to allow or to refuse to allow a witness to be recalled for further cross-examination, and, in the absence of a showing of an abuse of such discretion, no reversal will be ordered.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. Moyers, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

STEWART, ELIOT & WILLIAMS and WISE & McNULTY, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of of the court.

This was an action in case in the City Court of East St. Louis, by appellee against appellant, to recover for a personal injury sustained by appellee while engaged in the service of appellant in assisting to move a quantity of scrap-iron by means of an engine, block and tackle, and other appliances furnished by appellant and in use for that purpose. Trial by jury. Verdict and judgment in favor of appellee for the sum of $2,000.

The declaration as abstracted by appellant consists of one count only, and appellant's counsel say: "The

gist of the declaration is, that the defendant by its foreman, after it had been notified by appellee that a certain rope to be used in the handling of certain iron to an engine, was defective, and not a fit rope to be used for the purpose it was going to be used (for), the rope was nevertheless used, and while the rope was in use, it broke and (thereby) plaintiff received his injuries.''

The evidence is contradictory and conflicting as to certain material issues in the case, but it tends to prove every requisite to warrant a recovery. We think the state of the evidence is such as to bring the case within that class where the finding of the jury is conclusive as to the facts.

During the progress of the trial it developed that soon after appellee was injured, one of appellee's witnesses, at the request of appellant's foreman, had signed a statement as to the facts and that the statement he had signed did not agree with the testimony he gave at the trial, in some material respects. Counsel for appellee then asked the witness what he understood he was signing. To this counsel for appellant objected, on the ground that ''the paper was there before him and it spoke for itself,'' and the judge remarked, ''Well, he may state what he knows about it.'' The witness then answered: ''Well, what I thought it was, I was over there to sign whether this man was to get any money or not. That it was what they came after me for, whether he was to get any money; whether I was a witness, that was my understanding when I went over there. I did not know anything.'' Counsel moved the court to exclude the answer, and the court denied the motion. This, it is insisted, was material error and in support of their position counsel cite Hartley v. C. & A. R. R. Co., 116 Ill. App. 277, and Chicago, St. Paul & Missouri Ry. Co. v. Belliwith, 83 Fed. Rept. 437.

These cases both relate to the reception of oral testimony to vary or avoid the terms of a written contract,

in the absence of any charge of fraud as to its execution. The witness in the case at bar was not a party to the suit, the statement he signed was not a contract, it was not an instrument upon which any feature of either the case or defense was based, and it was used in this case only as a means of impeaching the witness. We are of opinion that the cases cited do not support the specific objections made. And further, we understand the general rule to be that where a witness is confronted with a statement made by him out of court, which conflicts with what he has testified to in court, he may usually be allowed to explain the circumstances under which he made the out-of-court statement, together with his purpose in making it, and how he understood it at the time it was made; and this is as true of a written statement as of an oral one. The jury, having his testimony, his out-of-court statement, and his explanation, together with such other evidence as may be produced bearing upon the question of his credibility and truthfulness of his statements, may then determine the true weight to be given to his testimony.

Two witnesses were called on behalf of appellant, by whom it was sought to prove that one of appellee's witnesses had made oral statements out of court, in conflict with the testimony given by him in the case. This was objected to by appellee, and the court sustained the objection. Counsel insist that the court erred in this ruling, and cite C. & A. R. R. Co. v. Pennell, 110 Ill. 435.

The witness whose statement appellant sought to prove was not a party to the suit, and when on the witness stand had not been interrogated about such statement. The proffered testimony was purely impeaching testimony, and no "foundation had been laid." The case cited by counsel does not support their position. It holds the rule to be as we have always understood it, and as the trial court enforced it in this case. As stated in that case the rule is: "If a witness testi-

fies to a given thing as a fact having a bearing on the issues, and it can be shown that he has uttered words or done acts which he would not have uttered or done if his sworn statement were true, he may be interrogated thereto, and if he denies such matter, the same may be proved, not as a fact bearing upon the issues, but as a fact bearing on the credibility of the witness." The witness in the case at bar whom it was sought to impeach by proving that he had "uttered words," etc., had not been "interrogated thereto."

After the close of the case in chief by appellee, and during the introduction of appellant's evidence, counsel for appellant asked the court for leave to recall one of appellee's witnesses for further cross-examination, the purpose being to lay foundation for the introduction of impeaching evidence. Appellee objected, and the court sustained the objection.

Whether or not one may be allowed to recall his adversary's witness for the purpose of further cross-examination, after the adversary has closed his side of the case, rests within the sound discretion of the trial court, and the action of the court in such case will not be reviewed, unless it clearly appears that the discretion was abused to the material injury of the complaining party. Where the witness is still in attendance upon the court, or can easily or without unreasonable delay be produced, and the subject-matter of the proposed further cross-examination appears to be proper and substantially important, then, unless some substantial reason to the contrary appears, the court ought to grant such request. In this case the record does not disclose enough to warrant us in holding that it clearly appears that the discretion of the court was abused in its refusal to grant appellant's request. And further, this complaint is not set up in the motion for a new trial, nor is it assigned upon the record as error. The court did not err in refusing to give appellant's 6th refused instruction. The instruction purports to

be based upon the declaration, but it departs therefrom in material respects.

Lastly, counsel contend that the fellow-servant rule applies to this case. This rule is clearly not involved in the allegations of the declaration, nor the theory upon which appellee's side of the case was presented in the trial court. The declaration charges the negligent furnishing of an unsafe appliance with which to perform the work imposed upon appellee, and his evidence sustains his declaration. Appellant introduced evidence tending to prove a state of facts that would bring the case under that rule, and asked and received an instruction submitting that question to the jury, and the jury resolved it against him.

We find no material error in this record. The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*