ARCHIBALD M. ROGERS

*v.*

THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

*Filed at Ottawa May 15, 1886.*

1. APPEAL—*finding of facts by Appellate Court—the statute construed.* The finding of fact contemplated by section 87 of the Practice act, is the finding of the ultimate fact or facts upon the existence or non-existence of which, as set up in the pleadings, the rights of the parties depend. It does not mean that the Appellate Court shall find what was the evidence of these facts, or shall find those merely subordinate or evidentiary facts which, when shown, contribute to the establishment of the ultimate fact or facts essential to sustain the alleged cause of action.

2. SAME—*Appellate Court reversing on the facts alone.* Where the Appellate Court, without considering the errors of law assigned, finds the facts are such as will not authorize the finding and judgment of the trial court, and reverses the judgment, and an appeal is prosecuted from its judgment of reversal to this court, the record not presenting any question of law, the judgment of the Appellate Court will be affirmed.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Mercer county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. B. C. Taliaferro, and Messrs. Connell & Morgan, for the appellant.

Mr. H. Bigelow, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action on the case, by appellant, against appellee, for negligence. The declaration alleged that appellant was injured, whilst in the exercise of ordinary· care, by reason of the negligence of the defendant. It was there- fore incumbent on the appellant to establish this allegation by proof, in order that he should be entitled to recover. (*Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 358, and cases there cited.) In the trial court the jury rendered a verdict in favor of appellant for $1000, and the court, after overruling a motion for a new trial, entered judgment upon that verdict, and afterwards overruled a motion in arrest of judgment. The case was taken to the Appellate Court for the Second District by the appeal of the present appellee, where numer- ous errors of law and fact in the rulings in the trial court were assigned; but that court, disregarding the errors of law assigned, found, and recited in the record, that there was error in the record of the judgment in the circuit court, because the appellee in that court (the appellant in this,) did not use ordinary care to avoid the injury complained of in the decla- ration, and the appellant in that court (the appellee in this,) was not guilty of wanton or willful injury, and for that error adjudged that the judgment of the circuit court be reversed. The case is now before this court by the appeal of the plaintiff in the circuit court from this judgment of the Appellate Court.

No question of law is presented for our consideration, for the Appellate Court decided no question of law adversely to the appellant.

It is provided in the 87th section of the Practice act, (2 Starr & Curtiss, 1842,) that "if any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such case." We held in *Brown* v. *City of Aurora*, 109 Ill. 165, that the "finding of facts" contemplated in that section, is the finding of the ultimate fact or facts upon the existence or non-existence of which, as set up in the pleadings in the cause, the rights of the parties depend,— that it does not mean that the Appellate Court shall find what was the evidence of those facts, or that it shall find those merely subordinate or evidentiary facts which, when established, contribute to the establishment of the ultimate fact which must exist in order to sustain the alleged cause of action. That case, in principle, is precisely analogous to this.

The judgment is affirmed.

*Judgment affirmed.*