EGBERT L. JANSEN ET AL.

v.

THEODORE P. SIDDAL, JR.

*Personal Injuries—Infant—Discretion—Negligence—Unguarded Elevator Shaft.*

1.  An infant five and one-half years of age can not be assumed to have arrived at years of discretion.

2.  Negligence of a person having charge of such infant will not affect its right to recover for a personal injury suffered through the negligence of another.

3.  In the case presented, this court holds that the defendants were under no duty toward the plaintiff, the neglect of which led to the injury sustained.

[Opinion filed July 23, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. MASON BROTHERS, for appellants.

Mr. F. W. BECKER, for appellee.

GARY, J. This is an action on the case by the appellee against the appellants for personal injury.

The appellee at the time of the injury, was but five and a half years of age, and therefore whether the question of his discretion be one of law or fact, his tender years would decide it in his favor. Chicago City Ry. Co. v. Wilcox, 27 N. E. Rep. 899.

That any negligence of his father, having the care of him, will not affect his right of action is also settled by that case.

The only question in the case, aside from the amount of damages, is whether the appellants were under any duty toward the appellee, the neglect of which led to the injury he sustained.

They were wholesale and retail booksellers and stationers, occupying large premises on the corner of Wabash avenue and Madison street, in Chicago.

A diagram, without figures showing dimensions, is in the record, showing the ground floor, which was the retail salesroom. Assuming that the diagram is drawn to a scale, and the doors and stairways shown on it not of unusual width, that salesroom is more than one hundred feet long on Madison street, and not less than fifty feet wide on Wabash avenue. Less than one-fourth of the space of that floor, in the interior corner remotest from the streets, is occupied by stairways, closets, a passage way from the main room to an alley in the rear, a shipping room, and elevators. No door closed that passage way from the main room.

On one side of the passage way a door opened to the shipping room, which room had also a door to the alley. Opening from the corner of the shipping room was a freight elevator, used also by the employes for themselves and to take customers to upper floors, and sometimes persons would go up, unaccompanied by an employe. To get to this elevator from the salesroom, one must go west from the salesroom along the passage way, south into the shipping room, east after going through the door, and then south to the elevator. From the

salesroom neither the shipping room nor the elevator could be seen.

That customers in the salesroom were not unfrequently accompanied by children was proved; also that some other children of persons in the house had been, as the father of the appellee stated, "in that part of the building," meaning, probably, some portion of the part cut off from the salesroom. There was evidence from which the jury might infer that the appellants had known of some such instances.   The superintendent of that floor saw the appellee running about the store on the day of, and before, the accident.

The father of the appellee was an employe of the house, and had brought the boy to the store.   To answer a sudden call for goods, he went up in the elevator; the door was left open, the boy followed the father and laid down on the floor to look down into the pit; the elevator came back and inflicted the injury.

Were the appellants under any duty to guard that elevator, so remote from any place to which they invited the public, so out of the way of any path which they might reasonably expect the public to follow, so that a child straying to it might not be hurt ?

They are not within the principle that one who allures children to their harm must respond; the only allurement was by the father, who incited the childish curiosity to see what had become of him.   "Dangers stand thick through all the ground," and misfortune and suffering befall humanity, for which nobody can be blamed.   This unfortunate boy is thus suffering.

The law of the subject was lately very fully discussed by this court in Gibson v. Sziepienski, 37 Ill. App. 601, and decided adversely to the appellee.

He argues that he has proved his declaration, and therefore whether he has stated a good cause of action or not, he is entitled to retain his verdict.

It is true that neither by motion in arrest below nor assignment of error here, is the declaration attacked, and therefore the sufficiency of the averment that it was the duty of the

appellants to keep the door of the shipping room closed, instead of stating facts from which the law would imply the duty, (2 Thomp. Neg. 1224,) is not a question; but that averment is not proved; *i. e.*, the facts which are proved do not, in law, impose that duty upon the appellants.

We might follow the example of the second district in Rogers v. C., B. & Q. R. R. Co., 117 Ill. 115, but then the Supreme Court could not review us. If the case should be tried again with a peremptory instruction for the defendants, such review may be had, on a certificate from this court.

We shall therefore remand the case.

*Reversed and remanded.*