## GEORGE REICHMANN

v.

## ANNIE BAIER.

*Negligence —Highways—Driving upon—Collision—New Trial.*

1. The question whether, in the case presented, the declaration was good or not, will not be considered by the court, the same not being abstracted, nor was there any motion in arrest, nor assignment of error questioning the sufficiency thereof.

2. A new trial will not be granted upon the ground of newly discovered evidence where such testimony would not be conclusive.

[Opinion filed November 11, 1892.]

Reichmann v. Baier.

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. ALBERT PHALEN and GEORGE B. POWER, for appellant.

Mr. JOHN A. RYERSON, for appellee.

MR. JUSTICE GARY. This is an action for negligence, as the abstract of the evidence shows. The declaration is not abstracted. There was no motion in arrest, nor is there any assignment of error which questions the sufficiency of the declaration. Whether the declaration is good or not is not a question before us. Jansen v. Siddal, 41 Ill. App. 279.

There was a funeral procession in which was a carriage of the appellant, the off fore wheel of which struck the near hind wheel of a buggy in which the appellee and her husband were riding, in consequence of which she fell out and was injured. The verdict was in her favor for $375. It seems not improbable that when a carriage is run so that a fore wheel of it strikes a hind wheel of a buggy, the driver of the carriage is at fault. It was a question for the jury.

The appellant did not put the driver on the stand, but filed an affidavit on the motion for a new trial, which shows that a witness newly discovered, would give an account of the collision conflicting with that of witnesses on the trial. Such testimony might not change the result. It would not be conclusive, and is therefore no ground for a new trial. Petefish, Skiles & Co. v. Watkins, 124 Ill. 384.

The damages may or may not be excessive. The appellee testified that " Reichman's driver run right in our buggy and turned it over completely and threw me out, and passed over me and broke out most of my front teeth;" that one dentist extracted her teeth from the upper jaw, and another dentist put in a new set.

We can not adopt the suggestion of the appellant's counsel, of the truth of which there is no evidence, that the teeth broken out were not supplied by nature, but art. The judgment must be affirmed.          *Judgment affirmed.*