JAMES CAYWOOD

*v.*

FELIX G. FARRELL.

*Opinion filed October 24, 1898.*

1. PRACTICE—*Appellate Court required to recite only ultimate facts in its judgment.* The Appellate Court, on finding the facts differently from the lower court, is only required to recite in its judgment or order of reversal the ultimate facts in issue as made by the pleadings, or the conclusion of such facts from the evidentiary facts.

2. SAME—*what a sufficient finding of facts on reversing a judgment in garnishment.* A recital in the judgment of the Appellate Court on reversing a judgment in garnishment, "that it does not appear that the said" defendant "was indebted in any sum to said" plaintiff "when the writs of garnishment were issued, nor at any time afterward before the rendition of the judgment in garnishment proceedings," is a sufficient recital of facts.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. Lyman Lacey, Judge, presiding.

R. W. Mills, for plaintiff in error.

W. P. Callon, for defendant in error.

Mr. Justice Phillips delivered the opinion of the court:

James Caywood, as the nominal plaintiff, for the use of certain judgment creditors, garnished the defendant in error. On trial in the circuit court judgment was entered against defendant for $1028.23, which judgment was reversed by the Appellate Court with the following finding of facts: "The court finds that it does not appear from the evidence that the said Felix G. Farrell was indebted in any sum to said James Caywood when the writs of garnishment were issued, nor at any time afterward before the rendition of the judgment in garnishment proceedings."

The error assigned on the prosecution of this writ of error is, that the Appellate Court did not make "a sufficient special finding of facts." It is urged such order states a mere conclusion from the facts, which is said not to be in compliance with section 87 of the Practice act, which provides that if the final determination of the cause, as the result, wholly or in part, of the finding of the facts *concerning the matter in controversy*, is different from the finding of the court below, the Appellate Court shall recite in its final order or judgment "the facts as found," and such judgment shall be final and conclusive as to all matters of fact in controversy in such cause.

This section has been construed to mean (1) "that the facts recited should include the facts concerning any material issue submitted to the trial court."—*Commercial Ins.*

*Co.* v. *Scammon*, 123 Ill. 601; *Morris* v. *Wibaux*, 159 id. 627. (2) That such facts should be recited and set forth as in decrees in chancery.—*Tibballs* v. *Libby*, 97 Ill. 552; *Neer* v. *Illinois Central Railroad Co.* 138 id. 29. (3) The facts to be so recited are to be *ultimate* and not evidentiary facts,—that is, they may be "conclusions of fact," "or, in other words, inferences drawn from the subordinate or evidentiary facts." "Ultimate facts * * * are, when considered with reference to the facts or evidence by which they are established or proved, but the logical results of the proofs, or, in other words, mere conclusions of fact," (*Brown* v. *City of Aurora*, 109 Ill. 165,) as, in an action for negligence, a finding that the plaintiff did not use ordinary care to avoid the injury or that the defendant was not guilty of willful or wanton injury, (*Rogers* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 115,) or, in an action for fraud, a finding that the evidence does not show fraud. *Hayes* v. *Massachusetts Life Ins. Co.* 125 Ill. 626. See, also, *Siddall* v. *Jansen*, 143 Ill. 537.

It is clear that the Appellate Court, on finding the facts differently from the lower court, is only required to recite in its order or judgment of reversal the ultimate facts in issue as made by the pleadings, or the conclusion of such ultimate fact or facts from the evidentiary facts. Such recital of ultimate facts must include or cover all the material issues made by the pleadings vital to determine a right of recovery. In an action for negligence, for fraud or for money claimed to be due, these are, respectively, the ultimate facts in such cases, and a finding of such facts by the Appellate Court is sufficient under the statute, conclusive on this court and not subject to revision. (*Chicago and Alton Railroad Co.* v. *Pennell*, 110 Ill. 435; *Williams* v. *Forbes*, 114 id. 167.) The finding of the Appellate Court, as set out in this record, was of an ultimate fact, and sufficient, under the statute, if it covered or included all the ultimate facts "concerning the matter in controversy."

The only matter in controversy in this case of garnishment was, whether Farrell was indebted to Caywood, either expressly or impliedly. The facts, in brief, are: Farrell, on December 21, 1892, sold to Caywood certain land and gave a bond for a deed on the making of certain payments, reserving the title to the land and to the crops raised thereon, to secure the payment of interest and principal. In June and July, 1894, two judgments were obtained against Caywood, and by virtue of executions issued thereon a levy was made on the crops raised on said land, which crops Farrell claimed and replevied, and on trial recovered judgment for the same April 10, 1895. October 26, 1894, Caywood, not being able to comply with his contract, by agreement with Farrell canceled the contract, and, as it had been recorded, quit-claimed the land back to Farrell. On January 15, 1895, Farrell sold the land to George W. Chittick. Farrell was garnisheed by the judgment creditors of Caywood,—when, the record does not state, but does state the garnishee summons, etc., was omitted from the record by agreement.

The claim is made that a statement of the account between Farrell and Caywood shows the former was indebted to the latter on October 26, 1894, when the quit-claim deed was made, in the sum of $1028. Farrell and Caywood both deny such indebtedness and so testified in the court below. The Appellate Court found, and recited in its order or judgment, the ultimate fact that Farrell was not, at the time of the service of the garnishee process or thereafter, indebted to Caywood. Complaint is made of this conclusion or finding of the ultimate fact. It is said: "The *conclusion* is not the controlling fact. It is the fact or facts found which lead the court to that conclusion." In this counsel is in error, as this court has several times held the conclusion from the evidentiary facts is all that is necessary.

It is said, however, Farrell and Caywood might have fraudulently settled. If that was made an issue, neces-

sarily the finding of the fact that there was no indebtedness would include it.

It is also suggested that after the creditors obtained judgment, which became a lien on Caywood's equity in the land, Caywood could not convey away his interest to their detriment. If so, that is immaterial in this case. If such interest could not be so sold then it is there yet. If Farrell did not give or owe Caywood anything for such interest at the time of the service of this process, or thereafter, then, of course, there was nothing to reach on that account. Had Caywood, in order to get out of the contract, sold his interest in the land to some third person, in consideration, solely, that such person should assume his contract, certainly such person would not be liable to garnishment merely because Caywood had paid something on his contract to Farrell.

The finding of the Appellate Court, therefore, having included all the ultimate facts in controversy, its judgment is conclusive and not a matter for review in this court. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS took no part in the decision of this case.