# Jobe *v.* The State.

### *Assault With Intent to Murder.*

(Decided May 9, 1911.  55 South. 430.)

1. *Jury; Impanelling; Service of List.*—Acts 1909, p. 305, does not require that the list of jurors empanelled and in attendance which is to be made up, and from which the jury to try a case should be selected, shall contain the names of jurors deliberating

[Jobe v. The State.]

upon another case; hence, where the list of jurors furnished the accused contained the names of twenty-four competent jurors, it was not rendered insufficient because of omitting the names of those jurors out upon another case.

2. *Assault With Intent; Evidence; Flight.*—Where there was no evidence of threats made by the brother of the assaulted person against the defendant, the defendant could not explain his flight by showing that the brother of the person assaulted had killed a man and was a violent and blood-thirsty character.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

John Jobe was convicted of assault with intent to murder, and he appeals. Affirmed.

STREET & ISBELL, for appellant. The language of the statute is clear and specific, and it is only when the language is susceptible to two or more meanings that the courts are justified in adopting one meaning rather than another.—*Maxwell v. The State,* 89 Ala. 161; 36 Cyc. 1111, 1114, and notes; 1 Kan. 285; 28 Mass. 487; 168 U. S. 95; 28 A. & E. Enc. of Law, 596-601. The state had offered evidence of flight and it was competent for the defendant to explain the circumstances.—12 Cyc. 396; 3 Ency. of Evi. 143; *Lewis v. The State,* 96 Ala. 6; 24 Mo. 475; 71 Am. St. Rep. 289; 33 Am. St. Rep. 418; 82 Mo. 67.

R. C. BRICKELL, Attorney General, and JOHN A. LUSK, for the State. No error intervened in the drawing of the jury or in the list served on the defendant.—Acts 1909, p. 313; *Chamblee v. The State,* 78 Ala. 468; *Redd v. The State,* 69 Ala. 256; *Shelton's case,* 73 Ala. 8; *Cole's case,* 105 Ala. 79; *Prater's case,* 107 Ala. 31; *Kimbrough's case,* 62 Ala. 248. Counsel insists that the court properly excluded the evidence offered in explanation of the flight.—*Doe v. The State,* 87 Ala. 69.

PELHAM, J.—The appellant was tried in the circuit court of Marshall county on an indictment charging an

assault with intent to murder, was convicted, and appeals.

The jury law in force at the time of the trial required lists of the regular jurors impaneled for the week of the trial and in attendance on the court to be furnished the solicitor and counsel for defendant, from which to select the jury to try the case by the usual mode of striking down to the requisite 12 names. Acts 1909, p. 313. On the list furnished to the defendant there were more than 24 names of regular jurors competent to try the case, but the names of 12 of the jurors who had been impaneled were not included. At the time of the selection of the jury in this case, these 12 jurors were engaged in the trial of another case and were not in the courtroom, but in a jury room considering their verdict in a case which had been submitted to them by the court. The defendant objected to the jury list furnished to him, and duly excepted to being required to strike from a list not containing the names of the 12 jurors engaged at the time in the trial of another case. A statute requiring a list of the jurors impaneled and in attendance to be made up from which the jury to try the case shall be selected does not contemplate or require that the list shall contain the names of jurors who are at the time absent from the courtroom and engaged in deliberating upon their verdict in another case. The jury list, although it did not include the 12 names, was not reduced below the requisite minimum, and contained the names of 24 competent jurors. The practice is well settled by the Supreme Court of this state in the trial of capital cases that the defendant is not entitled to the jurors who are summoned and on the venire for the trial of the case, who at the time of the selection of the jury are engaged in the trial of another case.—*Kimbrough v. State*, 62 Ala. 248; *Redd v. State*, 69 Ala. 256; *Cole v. State*, 105

Ala. 76, 16 South. 762; *Shelton v. State,* 73 Ala. 5-8; *Prater v. State,* 107 Ala. 26, 18 South. 238. "The court below should not delay the impaneling of a jury in the trial of a capital case, because some of the persons, whose names were on the venire served on the prisoner, were absent from the courtroom, being engaged in deliberating upon their verdict in another case. The statute * * * does not contemplate or require the procrastination of criminal proceedings in actual progress for such a purpose, although the members of the absent jury constitute a part of the venire."—*Shelton's Case, supra.* This being true of the required venire in a capital case, it applies with even greater force to the trial of a misdemeanor case. There is no error in the court having required the defendant to select a jury from a list that did not contain the names of the jurors engaged in the trial of another case.

On the trial of the case, the defendant, who was 17 years of age and lived near the Edmonds family, consisting of a father and brothers of the assaulted party, proved without objection by a witness that he (defendant) was advised "to get out of the way for a while," and thereafter defendant left the country. The defendant excepted to the court's refusal, upon objection by the state, to allow defendant to show, as explanatory of flight, that Oliver Edmonds, a brother of the assaulted party, had killed a man and was a man of violent and bloodthirsty character. There was no evidence of threats upon the part of Oliver Edmonds. It was merely a fear upon the part of defendant, and he had the full benefit of such explanation of flight as the law allows, in the advice of his friends to leave, which was admitted in evidence without objection. To allow the defendant to go into details and give reasons would have been to multiply and open up foreign issues. If per-

mitted, the state could then go into the question of whether or not the homicide was justifiable or excusable, and rebut the evidence of a violent and bloodthirsty character. There was no error in refusing to allow defendant to prove the character of the brother of the assaulted party, nor in refusing to allow proof of his having killed a man.

There is no error apparent in the record. Let the case be affirmed.

Affirmed.