# Smith *v.* The State.

## *Robbery.*

(Decided May 11, 1911. 55 South. 449.)

1. *Jury; Venire; Excessive Number; Harmless Error.*—Where the
court ordered seventy names as a special venire to try defendant and
drew from the jury box thirty names to complete same and it ap-
peared from the record that fifty names were drawn for the venires
for the week, forty-eight of whom were summoned, thus constituting
a venire of seventy-eight instead of seventy, no error prejudicial to
the defendant occurred.

2. *Same; Drawing; Objection; Waiver.*—Where the defendant par-
ticipated in reducing the venire to the number ordered he waived
his right to complain because of the excess in the original drawing.

3. *Same; Quashing; Motion; Review.*—The court will not review
the action of the trial court in denying the defendant's motion to
quash a venire on grounds de hors the record where it is not shown
by the bill of exceptions.

4. *Robbery; Indictment and Information; Description of Property.*
—An indictment for robbery otherwise sufficient which charges that

the defendant feloniously took one twenty-five cent piece of the silver coin of the United States of America, and sixty-five cents lawful money of the United States of America, the particular description of which is otherwise to the grand jury unknown, is not defective for failure to allege a sufficient description of the property or for indefiniteness or for failure to charge that the twenty-five cent piece was lawful money of the United States, etc.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Will Smith was convicted of robbery, and he appeals. Affirmed.

The indictment was as follows, omitting the formal charging part: "Will Smith feloniously took one twenty-five cent piece, of the silver coin of the United States of America, and sixty-five cents, lawful money of the United States of America, a particular description of which said sixty-five cents is to the grand jury unknown, the property of Julius Brown, from his person and against his will, by violence to his person or by putting him in such fear as unwillingly to part with the same, against," etc. The demurrers were: (1) Charges no offense. (2) Fails to allege a sufficient description of the property. (3) Vague, uncertain, and indefinite. (4) Fails to allege whether the 25-cent piece and 65 cents lawful money was stolen at one and the same time. (5) Fails to allege that the 25-cent piece was lawful money of the United States. (6) Does not charge or aver sufficient facts to constitute the offense of robbery. (7) Alleges facts which show that the property alleged to have been taken was the property of the defendant, etc.

CHAPPEL & ELLIS, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—The trial court, by its order for a special jury in this case, named 70 as the number to constitute the special venire; and the order proceeds: "And it further appearing that 40 persons had been drawn on the regular juries for said week, the court therupon in open court drew from the jury box as directed by law 30 names, being the number required with the regular jurors for said week to make the number named in the said order." The record, however, shows that 50 names—not 40 as stated in the order—were drawn for the regular juries for that week, and that 48 persons named in the venire were summoned. The result was that the venire for the jury in this case comprised 78 persons, instead of 70, the number fixed by the court. The ruling in the recently decided case of *Elijah Jackson v. State of Alabama,* 171 Ala. —., 55 South, 118, does not govern the result in this case as in that case the trial court did not draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the order; while in this case eight more names were drawn than were required with the regular jurors drawn and summoned for that week to make the number named in the order. The defendant got something more than the venire fixed by the order of the court. The excess could not have worked to his injury. Its probable effect was that the list from which the jury to try the case was selected by the proces of striking provided for by the statute (section 32, Acts Special Session 1909, p. 318) comprised a few more names than it would have comprised if only enough names had been drawn to make the required number. This could not have prejudiced the defendant. It simply enabled him to strike more names from the list until only 12 names remained thereon. It cannot be said

[Smith v. The State.]

that the defendant did not get the venire fixed by the order of the court and contemplated by the law. Under the law the effect of the order was to entitle him to have a venire of 70 persons, made up in the manner prescribed by the statute, from which the jury in his case was to be selected. The law demanded for him at least that number, and it was not in the power of the court to put him to the selection of a jury from a venire comprising a smaller number. The contrary not appearing from the record, it is to be presumed that the defendant without objection took part in the process of striking names on the list by which the special venire, composed of the 30 names drawn in open court and the regular jurors drawn and summoned for that week, was reduced to the number named in the order of the court. Having in this way participated in reducing the venire to the proper number, any ground of complaint because of the excess in the number drawn in open court is to be regarded as having been voluntarily removed by the defendant himself, and he cannot now set up the action of the court in that regard as a ground of reversal.

The indictment substantially followed the form which the Code prescribes for robbery, and there was no merit in the demurrer interposed to it.

The defendant's motion to quash the venire of jurors on grounds dehors the record and the ruling on that motion not being shown by the bill of exceptions, the action of the court on that motion is not subject to review on this appeal.

Affirmed.