# Rudolph *v.* The State.

## *Murder.*

(Decided May 12, 1911. 55 South. 610.)

1. *Jury; Venire; Selection; Harmless Error.*—Where the court designated 70 as the number of jurors to constitute the special venire and drew 30 names from the box, while 50 names had been drawn as regular jurors for that week, 48 of whom were summoned and appeared, no error was committed prejudicial to the defendant, by putting him upon a venire composed of 78, where it appeared that after setting aside all jurors subject to challenge for cause, the defendant and State alternately struck from the remaining names on the list until it was reduced to 12.

2. *Appeal; Bill of Exceptions; Necessity for.*—A motion to quash the special venire and the court's action thereon cannot be reviewed on appeal where neither the motion nor the evidence in support thereof is shown by bill of exceptions.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Wiley Rudolph was convicted of murder and he appeals. Affirmed.

T. A. HARRIS, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. In the absence of a bill of exceptions showing the motion to quash and the evidence in support thereof, this court will not review the action of the trial court thereon although shown by the judgment entry.—*Garrett v. State,* 97 Ala. 18; *Smith v. State,* 142 Ala. 14. Where the demurrer does not appear in the record action on the same will not be considered.—*Bright v. State,* 76 Ala. 96; *Williams v. State,* 98 Ala. 22.

SAYRE, J.—Proceeding under section 32 of the act of August 31, 1909 (Acts Special Session 1909, p. 317), the trial court named 70 as the number to constitute the special venire; and the order proceeds: "And it further appearing that 40 persons had been drawn on the regular juries for said week, the court thereupon in open court drew from the jury box as directed by law 30 names, being the number named in said order." The record, however, shows that 50 names—not 40, as stated in the order—had been drawn for the regular juries for the week in which the case was set for trial, and that 48 persons named in that venire had been summoned. The result was that the defendant was required to join in the selection of a jury from a list of 78 names, instead of from a list of 70, as fixed by the order of the court. This was plain error, and under the system of limited peremptory challenges allowed by the law as it

[Rudolph v. The State.]

was prior to the enactment of the statute to which we have referred would have been prejudicial to the defendant. But now, all persons subject to challenge for cause being eliminated by the court, the list of competent jurors is reduced to 12 by the state and the defendant alternately striking names, so that in the end the jurors selected for the trial of the cause are the 12 least objectionable to the defendant. No result more favorable to the defendant could have been secured, had the list contained names to the exact number of 70 as prescribed by the order. Section 6264 of the Code of 1907 provides that the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant, and we feel satisfied that the case shown by the record falls within the clear intent of that statute. The error was error without injury. See *Will Smith v. State*, 1 Ala. App. 140, 55 South. 449.

In our recent cases of *Jackson v. State*, 171 Ala. 38, 55 South. 118, and *Harris v. State, Infra*, 55 South. 609, we held that prejudicial and reversible error was committed in constituting the venire of persons drawn and summoned less in number than the number fixed by the order of the court. We intend of course, no departure from that rule.

Neither the defendant's motion to quash the venire nor any evidence that may have been offered in support thereof are shown by the bill of exceptions. The action of the court on the motion cannot be reviewed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.