# Clarke *v.* The State.

## *Murder.*

(Decided Jan. 30, 1912.   57 South. 1024.)

*Jury; Venire; Capital Case.*—Where the court ordered the sheriff to summon sixty-one persons to constitute the venire to try the defendant to be constituted of the twenty-five persons whose names had just been drawn, and the thirty-six persons drawn and summoned as the regular venire for the second week of court, and it appeared that while the names of thirty six persons had been drawn as jurors for that week, only thirty four of them had been summoned by the sheriff, the venire was illegal under section 32, Acts 1909, p. 319, and the defendant was not tried by a competent venire.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Ida Clark was indicted for murder in the first degree, convicted of manslaughter in the second degree, and appeals. Reversed and remanded.

J. A. CARNLEY, CLAUD RILEY, and H. L. MARTIN, for appellant. There is a fatal defect in the venire which will work a reversal of the case.—*Jackson v. The State,* 171 Ala. 5; *Mills v. The State,* 1 Ala. App. 76; *Welch v. The State,* 1 Ala. App. 144. The defendant

was improperly sentenced for payment of costs.—*Boswell v. The State,* 1 Ala. App. 178.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There is no evidence in the record to support the motions made by the defendant, and hence, the ruling of the court thereon is not revisable.—*Garrett v. The State,* 97 Ala. 18, 25; *Jordan v. The State,* 165 Ala. 114, 116; *Kimbell v. The State,* 165 Ala. 118, 120.

DE GRAFFENRIED, J.—The appellant was indicted for murder in the first degree. She was tried by a jury, was convicted of manslaughter in the second degree, and appeals.

The record shows that, after the appellant had been arraigned and had pleaded to the indictment, the trial court made an order directing the sheriff to summon 61 persons to constitute the venire from which the jury to try the appellant was to be selected, "being the 25 persons whose names have just been drawn, and the 36 persons drawn and summoned for regular jurors for the second week of court." The record further shows that, while the names of *36* persons had been *drawn* as jurors for the second week of court, only *34* of the persons whose names had been so drawn *had been or were summoned* by the sheriff as jurors for said week. The requirements of the statute (Acts Sp. Sess. 1909, p. 319, § 32) are that the venire, for the trial of a capital case, shall be inclusive of those *"drawn* and *summoned* on the regular juries for the week set for the trial," and, only 34 of the 36 jurors drawn for the second week having been *summoned* by the sheriff, the venire from which the jury was drawn to try this defendant did not contain the legal number of names as fixed by the order

[Mathes v. The State.]

of the court.  Instead of having a venire composed of
61 persons, as fixed by the order of the court, the appel-
lant's venire consisted of only 59 persons.  Her jury,
therefore, was drawn from an illegal venire, and, under
the uniform decisions of this court and of the Supreme
Court, the judgment in this case must be reversed.—
*Elijah Jackson v. State,* 171 Ala. 5, 55 South. 118; *Rey-
nolds v. State,* 1 Ala. App. 24, 55 South. 1016; *Russell
v. State,* 1 Ala. App. 67, 55 South. 1023; *Odom v. State,*
1 Ala. App. 68, 55 South. 546; *Jobe v. State,* 1 Ala. App.
112, 55 South. 430; *Smith v. State,* 1 Ala. App. 140, 55
South. 449; *Mills v. State,* 1 Ala. App. 76, 55 South.
331;; *Welch v. State,* 1 Ala. App. 144, 56 South. 11.

Reversed and remanded.