# Day *v.* The State.

## Murder.

(Decided February 15, 1917.   74 South. 352.)

Criminal Law; Charge; Invited Error.—Where the prosecution was for murder in the first degree, and on request of the defendant, the court charged the jury as to murder in the second degree, and the defendant reserved an exception to this charge on the ground that there was no evidence to support such a verdict, whereupon the state moved the court to withdraw the charge, and the court withdrew it, any error in so withdrawing it was invited by the defendant and he could not complain thereof.

APPEAL from Washington Circuit Court.

Heard before Hon. BEN D. TURNER.

Quincy Day was convicted of murder in the first degree and he appealed.   Affirmed.

GRANADE & GRANADE for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

GARDNER, J.—Appellant was convicted of the murder of one William Werms, and his punishment fixed at life imprisonment.   The fatal shot was fired by some one in ambush, and

the defendant denied any participation in the crime, relying upon the defense of alibi.

On the conclusion of the court's oral charge to the jury, the defendant excepted to the failure to charge on murder in the second degree, and requested that such charge be given. The court then charged on murder in the second degree, on the conclusion of which the bill of exceptions discloses the following as having occurred:

"Defendant excepts to the court's charging on murder in the second degree because there is no evidence to support that. The state moves to strike the portion of the charge on murder in the second degree, because there is no evidence to sustain a verdict of murder in the second degree.

"By the Court: I think I will withdraw that charge on murder in the second degree, and I charge you, * * * if this defendant is guilty at all, he is guilty of murder in the first degree, and the punishment would be for you to fix. And if he is not guilty of that, he is not guilty of anything."

To this instruction defendant reserved an exception. Conceding for the purposes of this case that, under section 7087, Code 1907, and the authorities construing same, cited in the recent case of *McPherson v. State*, 198 Ala. 5, 73 South. 387, present term, there was error in that portion of the oral charge last quoted, yet we are persuaded, upon a reconsideration of the case, that reversal cannot be predicated upon this action of the court.

It is noted that upon request of the defendant's counsel the court fully charged the jury on murder in the second degree. Thereupon the defendant reserved an exception to such charge, which he had just previously requested, upon the specific ground that there was no evidence to support such a verdict. Such exception was the equivalent of an objection thereto, and was an open invitation to the court to exclude or withdraw the same. Thereupon the state moved to have same withdrawn, and the court withdrew the charge on second degree murder, as above set out. If this was error, it was superinduced by the conduct of the defendant himself—indeed, openly invited by the exceptions reserved.

It has been repeatedly decided by this court that one who has invoked of the trial court a particular ruling or action will not be heard to complain in this court of such action or ruling, though it be erroneous. As said in *Bardell v. State*, 144 Ala. 54, 38

South. 975:   "To allow the defendant the benefit of the exception would be to give him the benefit of his own wrong."

See, also, *Barber v. State,* 151 Ala. 56, 43 South. 808; *Travis v. Sloss-Sheffield Co.,* 162 Ala. 605, 50 South. 108; *W. U. Tel. Co. v. Griffith,* 161 Ala. 241, 50 South. 91; *Bone v. State,* 8 Ala. App. 59, 62 South. 455.

This, in our opinion, presents the only question of importance upon this appeal.   The other matter presented by the record we do not deem of sufficient importance to be given separate treatment here.   Suffice it to say, each question appearing in the record has been given careful consideration, and we find nothing calling for a reversal of the cause.   The judgment of conviction is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.