(76 South. 927)

SAGER v. STATE. (5 Div. 682.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. CRIMINAL LAW ☞1090(5) — APPEAL ON RECORD PROPER—MATTERS NOT REVIEWABLE.

Where defendant appeals on the record proper without a bill of exceptions, the Supreme Court is unable to review the trial court's action in overruling his motion to quash the indictment because found by an illegal grand jury, or to quash venire because a true copy of the indictment was not served on him therewith, and cannot review overruling of defendant's objections to being put upon trial because of such defect and omission.

2. INDICTMENT AND INFORMATION ☞147—DEMURRER—WANT OF DEFECT ON FACE.

Demurrer to the indictment because of the alleged illegality of the grand jury was properly overruled, no defect appearing on the face of the indictment.

Appeal from Circuit Court, Elmore County; J. S. Williams, Judge.

Judge Sager was convicted of first degree murder, and he appeals. Affirmed.

J. A. Holmes, of Elmore, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SOMERVILLE, J. The defendant was convicted of first degree murder and sentenced to death.

[1] He appeals on the record proper, without a bill of exceptions, and we are unable to review the action of the trial court in overruling defendant's motion to quash the indictment because found by an illegal grand jury, or to quash the venire because a true copy of the indictment was not served on him therewith. Garrett v. State, 97 Ala. 18, 14 South. 327; Rudolph v. State, 172 Ala. 379, 55 South. 610.

For the same reason we cannot review the action of the trial court in overruling defendant's objections to being put upon trial because of the defect and omission above mentioned.

[2] The demurrer to the indictment because of the alleged illegality of the grand jury was, of course, properly overruled, no defect appearing on the face of the indictment.

Finding no error in the record, the judgment of the trial court must be affirmed.

Affirmed. All the Justices concur, except MAYFIELD, J., not sitting.