(89 South. 43)

## WHITTLE v. STATE. (3 Div. 462.)

(Supreme Court of Alabama. Jan. 27, 1921. Rehearing Denied May 5, 1921.)

1. **Criminal law ⬅274—Defendant may not without permission withdraw plea of not guilty for purpose of moving to quash indictment.**

A defendant may not, without permission of the court, withdraw his plea of not guilty, for the purpose of making a motion to quash the indictment.

2. **Criminal law ⬅274—Court may grant or refuse permission to withdraw plea of not guilty to permit motion to quash indictment.**

Under Code 1907, §§ 7159, 7567, it is within the sound discretion of the court to grant or refuse permission to withdraw a plea of not guilty for the purpose of making a motion to quash the indictment.

3. **Criminal law ⬅321—Grand jury presumed to continue until dissolved by expiration of term or order of court.**

A grand jury regularly impaneled is presumed to continue until dissolved by operation of law at the expiration of the term or by an order of the court.

4. **Indictment and information ⬅137(3)—Motion to quash indictment by reconvened grand jury properly overruled.**

It is not error to overrule a motion to quash an indictment returned by a grand jury reconvened by the court which had not been dissolved by expiration of the term or by order of the court.

5. **Criminal law ⬅1144(9)—Order fixing day of trial presumed regular.**

Under Acts 1915, pp. 708, 709, amending Code 1907, § 6256, an order fixing the day of defendant's trial is not required to be in the

---

record where no question was raised before the trial court as to its sufficiency, and on appeal it will be presumed to have been regular.

**6. Criminal law ☞632—Order summoning venire to appear on certain day set for trial without reciting setting of such date not error, where particular date set on continuance.**

Where, after the quashing of a special venire, a case was reset for a certain day, an order on defendant's first arraignment commanding the sheriff to summon all persons constituting the venire to appear on a certain day, "the day set for trial," without reciting the setting of such day, was not error; the subsequent orders being an affirmative compliance with the statute in fixing the date.

**7. Jury ☞70(8)—Drawing of second venire, including regular jurors, members of quashed venire, not erroneous.**

Though a special venire drawn pursuant to Gen. Acts 1919, pp. 1040, 1041, § 32, for the trial of a capital felony, composed of the regular venire drawn for the week plus the number drawn to complete the venire as fixed by the court, was quashed, it was not error to proceed to trial on a second special venire, consisting partly of regular jurors who were among the venire quashed, without drawing another regular venire, Code 1907, § 7258, requiring the court, after sustaining a challenge to the array or a motion to quash the venire, to draw a grand or petit jury, or both, as provided in section 7257, being inapplicable, it referring primarily to quashing a venire of regular jurors and the organization of special juries in default thereof.

**8. Criminal law ☞1166½(5)—Error in selection of special venire not reversible where defendant given number ordered by court.**

Where a defendant was given the number of special veniremen ordered by the court from which to select a jury, there was no reversible error, though such venire included a number of regular jurors who were included in a former venire which was quashed.

**9. Criminal law ☞819—Charge on effect of evidence given without written request should be withdrawn.**

In a prosecution for murder, a charge that, if defendant got into a sudden encounter or affray with deceased, was the assailant, and killed deceased with a weapon theretofore concealed, and deceased drew no weapon, such killing was murder in the second degree at least, under Code 1907, § 7086, if a charge on the effect of the evidence, and not requested in writing by one of the parties pursuant to section 5363, was properly withdrawn on objection.

**10. Criminal law ☞1059(1)—Exception to withdrawal of charge not sufficient to review statement of reasons therefor.**

In a prosecution for murder, an exception to the withdrawal of a charge on the effect of a sudden encounter with deceased was not sufficient to review the explanatory statement of the court that "there is no evidence of any sudden encounter."

**11. Criminal law ☞798(1)—Instruction each juror must believe defendant guilty beyond reasonable doubt to convict, but that, if one or more had such doubt, there could be no verdict, not erroneous.**

In a prosecution for murder, there was no error in instructing the jury that before they could convict each one must believe beyond a reasonable doubt that defendant was guilty, but that, if one or more entertained a reasonable doubt, there could be no verdict, but a hung jury.

**12. Criminal law ☞1059(2)—Exceptions to general charge held insufficient, not being specific exception to part of oral charge objected to.**

In a prosecution for murder, where the court charged that, if any one of the jury had a reasonable doubt as to the defendant's guilt, they could not return a verdict, an exception to the general charge, "where he charges the jury that if only two or three * * * have a reasonable doubt, * * * it would be a hung jury, and 'they could not return a verdict," was insufficient, not being a specific exception to that part of the oral charge sought to be excepted to.

**13. Criminal law ☞822(1)—Instruction jury could not acquit unless all reached conclusion defendant not guilty held not erroneous when referred to whole of charge.**

In a prosecution for murder, an instruction that, unless all the jury reached the conclusion defendant was not guilty, it could not acquit, but would be a hung jury, when referred to the rest of the charge that before the jury could convict each must believe beyond a reasonable doubt that defendant was guilty, but that, if one or more entertained a reasonable doubt, there could be no verdict, but a hung jury, was not erroneous.

**14. Criminal law ☞865(1)—Instruction jury must stay till it arrived at verdict or was discharged not threat to compel verdict.**

In a prosecution for murder, an instruction that, unless all of the jury reached the conclusion that defendant was not guilty, it could not acquit and would be a hung jury, and "you stay there till you do arrive at a verdict, one way or the other, or are discharged by the court," did not amount to a threat to compel a verdict; the intention of the court to impartially state the law being manifest on consideration of the whole charge.

**15. Criminal law ☞822(1)—Oral charge must be considered as whole.**

The portion of an oral charge to which an exception is reserved must be considered in connection with the whole charge.

**16. Criminal law ☞1056(1)—Parts of charge not excepted to not considered on appeal.**

Parts of an oral charge to which no exception was reserved at the trial cannot be considered on appeal.

Appeal from Circuit Court, Conecuh County; John B. Lee, Judge.

Dan Whittle was convicted of murder in the first degree, and he appeals. Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Robert H. Jones and L. B. Chapman, both of Evergreen, and Emmet S. Thigpen, of Andalusia, for appellant.

The record must affirmatively show an order setting day for trial. 69 Ala. 159; 155 Ala. 39, 46 South. 229; 160 Ala. 1, 49 South. 676. The court erred in overruling the motion to quash the venire. Section 7258, Code 1907; 172 Ala. 418, 55 South. 601; 12 Ala. App. 237, 67 South. 768; 3 Ala. App. 7, 57 South. 390; Acts 1909, p. 314 et seq.; 172 Ala. 98, 55 South. 118; 98 Ala. 38, 13 South. 334; 143 Ala. 13, 39 South. 406; 191 Ala. 1, 67 South. 989. The general charge of the court is now a part of the record, and need not be excepted to. Acts 1915, p. 815, amending section 5364, Code 1907; Acts 1919, p. 269, and section 6264, Code 1907.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no necessity for the inclusion of the order setting the day for trial, since no question was made on it. Acts 1915, p. 708, amending section 6252, Code 1907. Nothing appearing to the contrary, the presumption is that the court and the clerk did their duty. 17 Ala. 415; 16 Ala. App. 432, 78 South. 462. The court is not in error in declining to quash the jury. Section 32, p. 1041, Acts 1919; 7 Ala. App. 17, 60 South. 967; 172 Ala. 379, 55 South. 610; 204 Ala. 474, 85 South. 787. There was no error in the court's oral charge. 156 Ala. 140, 47 South. 245; 155 Ala. 52, 46 South. 273; 145 Ala. 662. The court cannot be put in error as to oral charges, unless there is exception, or unless the exception separates the bad from the good. 9 Ala. App. 524, 63 South. 812; 169 Ala. 33, 53 South. 773; 164 Ala. 252, 51 South. 373; 149 Ala. 423, 42 South. 1034.

THOMAS, J. By the verdict of the jury defendant was found guilty of murder in the first degree and the death penalty imposed. Defendant was jointly indicted with another, and there was a severance as provided by law. Dan Charley v. State, 204 Ala. 687, 87 South. 177.

On first arraignment, May 18, 1920, the order was for a venire to consist of 60 jurors (composed of the regular jurors drawn for the week beginning May 25th and 30 special jurors that were then drawn by the judge in open court from the jury box), and an order was issued commanding the sheriff to summon all persons constituting the venire from which the jury to try this defendant is to be selected to appear in open court, and it was ordered that a list of all jurors constituting the venire and a copy of the indictment be forthwith served on the defendant, "to appear in open court on the 25th day of May, 1920, the day set for trial of" the capital offense for which defendant had been indicted. Defendant's motion (May 25, 1920) to quash the venire, which assigned the ground, among others, that "the court originally drew from the jury box the names of 28 persons to serve as regular jurors for the second week of this special term of the circuit court in the manner required by law, instead of 30 jurors, the number required by law to be drawn, and later returned to the office of the circuit clerk of Conecuh county, and in the absence of the defendant and the defendant's counsel drew two additional names from the jury box in order to make the number required by law," was sustained by the court and special venire quashed.

The minute entry recites that after the venire was quashed on May 25, by agreement between the solicitor prosecuting for the state and the attorney for the defendant, in open court the trial of the case was continued until May 28, 1920. Defendant was then arraigned a second time on the indictment charging him with murder in the first degree and pleaded "not guilty." The court made a second order fixing the venire to try the defendant in this case to consist "of 72 persons," commanded the sheriff to "summon 72 jurors, including those drawn for the regular jury for the week set for the trial of this case for a venire in this case, and thereupon in open court and in the presence of the defendant and his attorney the court drew from the jury box * * * 42 names, making with the 30 jurors drawn for the week in which this cause is set for trial 72 jurors for the venire from which this case shall be selected," and issued an order directing the sheriff to "summon all persons constituting the venire from which the jury to try this case is to be selected to appear in open court on the 28th day of May, 1920, the day set for the trial of this cause," and further ordered "that a list of all the jurors constituting the venire in this cause, including those for the week in which the trial of this case is set and those this day drawn as provided by law, together with a copy of the indictment, be forthwith served on the defendant."

[1, 2] On the day before entering upon the trial permission of the court was sought by defendant to withdraw his plea of "not guilty" theretofore interposed, that he might file a motion to quash the indictment against him, and which was denied by the court. Having pleaded "not guilty" to the indictment on his arraignment, without permission of the court, defendant may not withdraw his plea for the purpose of making a motion to quash the indictment. The construction placed upon the statute is that, as a general rule, it is within the sound discretion of the court to grant or refuse this permission. Sections 7159, 7567, Code 1907; State v. Williams, 3 Stew. 454; Hubbard v.

State, 72 Ala. 164; Nixon v. State, 68 Ala. 535; White v. State, 74 Ala. 31; Bryant v. State, 79 Ala. 282; Smith v. State, 142 Ala. 14, 39 South. 329; Jones v. State, 181 Ala. 63, 76, 61 South. 434.

[3, 4] Moreover, a grand jury once regularly impaneled is presumed to continue until dissolved by operation of law at the expiration of the term at which it is impaneled, or by an order of the court. There was no error in overruling the motion to quash the indictment returned by the grand jury reconvened by the court and which had not been dissolved by expiration of the term or by order of the court. Caldwell v. State, 203 Ala. 412, 84 South. 272.

[5, 6] The order fixing the day of defendant's trial was not required to be embraced in the record, there being no question "raised before the trial court," as to the sufficiency of such order fixing the date of his trial. Upon appeal it is "presumed to have been regular." Acts 1915, pp. 708, 709, amending section 6256 of Code 1907; Hardley v. State, 202 Ala. 24, 79 South. 362; Clayton v. State, 78 South. 462;[1] Anderson v. State, 204 Ala. 476, 85 South. 789; Walker v. State, 204 Ala. 474, 85 South. 787; McPherson v. State, 198 Ala. 5, 73 South. 387. However, in the order of May 18, 1920, on defendant's first arraignment, we find the recital that it was "ordered and directed by the court that an order be issued to the sheriff commanding him to summon all persons constituting the venire from which the jury to try this case to be selected to appear in open court on the 25th day of May, 1920, the day set for trial of this cause." When referred to or considered with the orders of the court that day made in said cause, and the several orders relating to his arraignment and trial for murder in the first degree, no error is shown to have intervened in setting the date of defendant's trial on indictment for murder. After the first venire was quashed on said former date, the minute entry of May 25th recited the resetting of the day of defendant's trial and continuance "for Friday, May 28, 1920, at 9:30 o'clock. Accordingly the defendant was rearraigned and the cause was continued and reset for Friday, May 28, 1920." And the minute entry further recited that—

"It was agreed by L. B. Chapman, representing the defendant, and G. O. Dickey, the state solicitor, that all motions, orders, and decrees filed in the Dan Whittle case be considered filed, and that the venire of the court be same as in Dan Whittle case. It was further agreed by and between R. H. Jones, representing Dan Whittle, L. B. Chapman, representing Booker T. Whittle, and G. O. Dickey, representing the state, that the resetting of the cases be as follows: The Booker T. Whittle case be set for Thursday May 27, 1920, and that Dan Whittle case be set for Friday May 28, 1920. 5/25/1920. Continued to May 27, 1920."

This was an affirmative compliance by the court with the statute in fixing the date of defendant's trial on the indictment for murder. Green v. State, 160 Ala. 1, 49 South. 676; Wright v. State, 155 Ala. 39, 46 South. 229; Spicer v. State, 69 Ala. 159.

[7] Insistences of defendant (as appellant) are that there was error in overruling his motion to quash the (second) venire of 72 jurors because the "regular jury that had been drawn for that week" in which defendant's trial was set had been quashed (when first venire of 60 jurors was quashed), and because "no other regular jury was drawn." This question was raised by motion to quash the venire and objection to going to trial with such venire. Appellant's counsel thus states the insistence:

"Having quashed the regular venire for the week, [the court] should have drawn another regular venire [as well as special jurors to complete the second venire], and that it was error to compel the defendant to go to trial upon a venire, a part of which had been quashed."

There is no merit in the assignments of error challenging this action of the court. A special venire provided for the trial of a capital case is composed of two different component parts, including: (1) Those persons "drawn on the regular juries for the week set for the trial of the case"; and (2) those "required with the special jurors drawn for the week set for the trial to make the number named in the order" of the court fixing the venire to try the case, which special venire may not contain "less than fifty nor more than one hundred persons." Gen. Acts 1919, pp. 1040, 1041, § 32. The special venire provided by statute for the trial of a capital felony is in no sense the regular venire drawn for the week in which such felony is set for trial, but is composed of that regular venire drawn and the number of persons drawn by the court from the jury box to complete the venire as required by the order of the court; that is, the special jurors so drawn and the regular jurors drawn for the week set for trial, to make the number (of the special venire) that named in the order of the court providing for the same as required by statute.

It was this special venire consisting of 60 persons, in the first instance, that was quashed on defendant's motion. The court thereafter specified that the second venire for the trial of Dan Whittle should consist of 72 persons, including those drawn for the regular jury for the week set for the trial of this case for a venire, and in open court and in the presence of the defendant and his attorney drew from the jury box 42 names, making, with the 30 names regu-

---

[1] 16 Ala. App. 432.

larly drawn as jurors for the week, 72 jurors for the venire from which the jury to try the defendant were to be selected. The former order of the court quashing the first venire of 60 (in the Dan Whittle case) did not quash the special venire as such in any other case, or other arraignment and trial of said Whittle; and it did not affect the venire of jurors drawn for service for the week of the trial merely because they happened to be a part of a special venire which was quashed on defendant's motion. The provisions of section 7258 of the Code requiring that, if for any cause a challenge to the array or a motion to quash the venire is sustained, "the court must draw and order the summoning of a grand or petit jury, or both," as provided in section 7257 of Code, refer primarily to quashing a venire of regular grand or petit jurors, and provided for special juries to be organized in default of regular grand and petit juries so quashed.

[8] This court has held that, if the defendant had the number of jurors provided in the order, even if there was error committed as indicated in cases cited below, it was not permitted to work a reversal. Walker v. State, 204 Ala. 47, 85 South. 787; Rudolph v. State, 172 Ala. 379, 55 South. 610; Powell v. State, 7 Ala. App. 17, 24, 25, 60 South. 967. However, we find no reversible error. In the instant case defendant was given the venire ordered by the court under the law, composed of the 72 persons embraced by the court's order. He was not required to select a jury for his trial from a venire composed of a less number of persons than that prescribed for the venire in the order of the court, as was the case in Carmack v. State, 191 Ala. 1, 67 South. 989; Waldrop v. State, 185 Ala. 20, 64 South. 80; Andrews v. State, 174 Ala. 11, 56 South. 998, Ann. Cas. 1914B, 760; Jackson v. State, 171 Ala. 38, 55 South. 118; Bailey v. State, 172 Ala. 418, 55 South. 601; Nordan v. State, 143 Ala. 13, 39 South. 406; Walker v. State, supra.

[9, 10] During the oral charge the jury were instructed as follows:

"If the defendant got into a sudden encounter or affray with the deceased and the defendant was the assailant and killed the deceased with a deadly weapon which was concealed before the commencement of the fight, the deceased having no deadly weapon drawn, such killing is murder in the second degree at least."

See Code, § 7086; Caldwell v. State, 203 Ala. 412, 84 South. 272; Norris v. State, 16 Ala. App. 126, 75 South. 718.

Defendant excepted to the foregoing portion of the oral charge. The record recites that thereupon the court stated to the jury, reciting the part of the oral charge to which exception was taken:

"That part is withdrawn as there is no evidence of any sudden encounter."

The defendant thereupon, and before the jury retired, duly excepted to the action of the court "in withdrawing that part of the oral charge." It is noted of the exception reserved that it was to the action of the court in "withdrawing that part of the oral charge," and not to the statement of the court, that it was "withdrawn" for the reason that "there is no evidence of any sudden encounter." If the excerpt withdrawn by the court was a charge upon the effect of the evidence (Edgar v. State, 43 Ala. 312), and was not requested in writing by one of the parties to charge upon the "effect of the testimony" (section 5363 of Code), it should have been withdrawn on objection. Whether this be true or not (Scoggins v. State, 120 Ala. 369, 373, 25 South. 180), having induced the court to withdraw the statement of the oral charge in question, defendant takes nothing by his exception to the action of the court to that end and so invoked by his motion (Day v. State, 199 Ala. 278, 74 South. 352; Talley v. Whitlock, 199 Ala. 28, 37, 73 South. 976; Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 South. 433. The exception was not sufficient to review the statement or charge of the court that "there is no evidence of any sudden encounter." Ex parte Cowart, 201 Ala. 55, 78 South. 349; W. U. T. Co. v. Burns, 164 Ala. 252, 51 South. 373.

[11-15] There was no error in instructing the jury that before they could convict the defendant—

"each one of the jury must believe beyond a reasonable doubt that the defendant is guilty. Yet it does not follow that the defendant should be acquitted unless each one of you believe beyond a reasonable doubt that the defendant is guilty; for, if one of several of you believe beyond a reasonable doubt that the defendant is guilty, and one or more of you entertain a reasonable doubt of his guilt, there could be no verdict, but a hung jury; in other words, it takes 12 of you to believe beyond a reasonable doubt that the defendant is guilty before you can convict him and if either one of you doubt that question you cannot convict him."

To which instruction exceptions were reserved by reference only as follows:

"We reserve an exception to the court's general charge to the jury where he charges the jury that if only two or three members of the jury have a reasonable doubt of the guilt of this defendant it would be a hung jury and they could not return a verdict."

This was insufficient or rather was not a specific exception to the part of oral charge sought to be made the basis of the exception. Ex parte Cowart, supra; Marbury Lumber Co. v. Lamont, 169 Ala. 33, 53 South. 773; W. U. T. Co. v. Burns, supra. Whereupon the court stated:

"I did not charge the jury that; I charged the jury that, if any one of the jury had a rea-

sonable doubt about the guilt of the defendant, that they could not return a verdict, it would be a hung jury."

And the attorney for the defendant replied:

"That's the part we except to."

The court then charged the jury saying: "Further, gentlemen of the jury, unless 12 of you reach the conclusion that the defendant is not guilty, you cannot return a verdict of acquittal, and it would be a hung jury; in other words, it takes 12 to convict and 12 to acquit, and unless that is a fact you cannot arrive at a verdict but it would be a hung jury and you stay there till you do arrive at a verdict one way or the other or are discharged by the court."

To this instruction due exception was reserved before the jury retired.

Without defining what degree of satisfaction was required and intended by the court to be conveyed to the jury in the use of the words, "you reach the conclusion" (Caywood v. Farrell, 175 Ill. 480, 51 N. E. 775), we may say that, when this portion of the charge is referred to the whole of the oral charge, there was no error. The court had charged that—

"Before the jury can convict the defendant, each one of the jury must believe beyond a reasonable doubt that the defendant is guilty. Yet it does not follow that the defendant should be acquitted unless each one of you believe beyond a reasonable doubt that the defendant is guilty; for, if one of several of you believe beyond a reasonable doubt that the defendant is guilty, and one or more of you entertain a reasonable doubt of his guilt, there could be no verdict, but a hung jury; in other words, it takes 12 of you to believe beyond a reasonable doubt that the defendant is guilty before you can convict him, and if either one of you doubt that question you cannot convict him."

That is to say, if one of the jury had no reasonable doubt from the evidence of the guilt of the defendant as charged, he should not be acquitted, and that 12 jurors must believe his guilt (from the evidence) beyond a reasonable doubt before he could be convicted. Nor did the charge amount to a threat to the jury by the court to compel a verdict. The intention of the court to impartially state the law of the case was manifest when the whole charge is considered; for the portion of the oral charge to which exception was reserved must be considered in connection with the extract above quoted; the oral charge must be considered as a whole. McNeill v. State, 102 Ala. 121, 126, 15 South. 352, 48 Am. St. Rep. 17; Dempsey v. State, 15 Ala. App. 199, 72 South. 773. When so considered, there was no reversible

error. See Booker Whittle v. State, ante, p. 638, 89 South. 48.

[16] Appellant seeks to invoke the court to consider parts of the oral charge to which no exception was reserved at the trial. We decline to depart from the rule heretofore announced by this court in criminal cases (McPherson v. State, 198 Ala. 5, 73 South. 387; Ex parte State ex rel. Smith [Montgomery v. State], 204 Ala. 389, 85 South. 785; Tucker v. State, 202 Ala. 5, 79 South. 303; Acts 1915, p. 815, amending section 5364) and in civil cases (Oil Well Supply Co. v. W. Huntsville, C. M. Co., 198 Ala. 501, 73 South. 899).

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.