(108 So. 74)

### BUFORD v. STATE. (6 Div. 850.)

(Court of Appeals of Alabama. Dec. 15, 1925. Rehearing Denied Jan. 12, 1926.)

1. **Criminal law ⬤1149—Refusal of trial judge to set aside plea of not guilty and permit plea of misnomer to be filed will not be reviewed on appeal.**

Refusal of trial judge, after defendant had been arraigned and pleaded not guilty to indictment, to set aside plea and permit plea of misnomer to be filed was exercise of a discretion which will not be reviewed on appeal.

2. **Criminal law ⬤279.**

Plea of misnomer, being a plea in abatement, should be filed before plea of not guilty.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Mitchell Buford was convicted of having carnal knowledge of a girl over 12, and under 16, years of age, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Buford v. State, 108 So. 74, 214 Ala. 457.

W. Emmett Perry and A. L. King, both of Birmingham, for appellant.

Defendant was entitled to have judgment on his plea in abatement. Wright v. State, 15 So. 506, 103 Ala. 95, Code 1923, § 5411.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] After defendant had been arraigned and pleaded not guilty to the indictment, he offered a plea of misnomer. This, being a plea in abatement, should have been filed before the plea of not guilty, and the refusal of the trial judge to set aside the plea of not guilty and permit the plea of misnomer to be filed was the exercise of a discretion which will not be here revised. Whittle v. State, 89 So. 43, 205 Ala. 639.

We find no error in the record, and the judgment is affirmed.

Affirmed.