(85 South. 787)

### WALKER v. STATE. (5 Div. 741.)

(Supreme Court of Alabama. May 14, 1920. On Rehearing, June 30, 1920.)

**1. Jury ⬤⟿72(1)—Drawing of special jurors held error under statute.**

Under Acts 1909, p. 305, as amended by Acts 1919, p. 1039, where the court fixed 65 as the number for a special venire from which the jury should be selected to try appellant, and, of the regular jurors drawn for the week

set for defendant's trial, 11 were not "summoned," the total number of such jurors "drawn and summoned" being 39, it was error for the court to order that 26 special jurors should be drawn to complete the number fixed for the special venire for the trial of the defendant, since the special venire should have been composed of the regular jurors drawn (regardless of the number not summoned) for that week, and such number of special jurors as were necessary to complete the number fixed in the order.

**2. Criminal law ⬤⟿1166½(5)—Error in drawing more jurors than required not prejudicial.**

Defendant in a criminal case was not prejudiced by the court's erroneously proceeding under Acts 1909, p. 305, instead of under the amendment, Acts 1919, p. 1039, and thereby drawing more jurors than were required under the amendment for a special venire.

**3. Judges ⬤⟿25(1)—Supernumerary judge has same powers as circuit judge.**

A supernumerary judge has the same powers and 'may discharge the same functions as a circuit judge, under Code 1907, § 3279, as amended by Acts 1915, p. 355.

**4. Courts ⬤⟿70—Chief Justice had authority to direct supernumerary judge to try cases as circuit judge.**

Under Acts 1915, p. 592, § 4, and Code 1907, § 3279, as amended by Acts 1915, p. 355, the Chief Justice had authority to direct a supernumerary judge to perform and discharge the duties of a circuit judge in a certain circuit until otherwise directed, section 4 not being confined to calling adjourned or special terms but comprehending the power to order "the calling of the dockets" for the trial of cases thereon.

**5. Criminal law ⬤⟿656(9)—Remarks of court as to difference between probability of innocence and reasonable doubt not error.**

It was not error for the presiding judge to remark, in connection with the giving of special instruction requested for the defendant, touching the discrimination of probability of innocence from reasonable doubt, where an explanation and not a qualification of the charge.

Sayre, Thomas, and Brown, JJ., dissenting in part.

Appeal from Circuit Court, Elmore County; F. Loyd Tate, Judge.

Duff Walker was convicted of murder in the first degree, and he appeals. Affirmed.

Smoot & Morrow, of Wetumpka, for appellant.

The court erred relative to the venire. Acts 1919, p. 1041; 172 Ala. 418, 55 South. 601; 186 Ala. 9, 65 South. 56; 185 Ala. 20, 64 South. 80; 16 Ala. App. 303, 77 South. 456; 183 Ala. 36, 62 South. 800; 5 Ala. App. 178, 59 South. 333; 171 Ala. 38, 55 South. 118. The supernumerary judge was without authority to hold the court. Sections 142–144, 161, Const. 1901. The remarks of the

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court were error. Section 5364, Code 1907, as amended by Acts 1915, p. 851; 143 Ala. 524.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

If there was error in drawing the venire, it was without injury. 172 Ala. 380, 55 South. 610. The supernumerary judge had full power to hold the court. Sections 4 and 7, p. 592, Acts 1915; Acts 1915, p. 707.

McCLELLAN, J. [1, 2] The appellant was convicted of murder in the first degree, and sentenced to life imprisonment. The indictment was returned on October 15, 1919. The amendment, by the act approved September 29, 1919 (Gen. Acts, pp. 1039–1042), of the jury law approved August 31, 1909 (Acts, pp. 305, 317, et seq.) was the law governing the special venire for appellant's trial. The act of 1909 required a special venire to contain the names of the regular jurors "drawn and summoned" for the week during which the capital case was to be tried. The amendatory act of 1919 omitted "summoned" from the provision indicated, thereby providing that the special venire should contain the regular jurors "drawn" for the week in which the trial was to be had. In the appellant's case the court fixed 65 as the number for the special venire from which the jury should be selected to try appellant. Of the regular jurors drawn for the week set for appellant's trial, 11 were not "summoned," the total number of such jurors "drawn and summoned" being 39. Erroneously proceeding under the pertinent provisions of the cited act of 1909, the court ordered that 26 special jurors should be drawn to complete the number (65) fixed for the special venire for the trial of appellant. The appellant questioned the regularity of the special venire so provided; but the trial court overruled his severally raised objections, and proceeded with his trial notwithstanding his protest. The special venire should have been composed of the regular jurors drawn (regardless of the number not summoned) for that week, and such number of special jurors as were necessary to complete the number fixed in the order, viz. 65. This was error; but it was without prejudice to appellant. Rudolph v. State, 172 Ala. 379, 55 South. 610. The number fixed in the order for a special venire was within the limits prescribed by the law. The result of the court's action, though erroneous, was to secure to appellant a greater number (within 65) from which to select the jury for his trial than would have been the case had the court constituted the not summoned members of the regular juries a part of the special venire for appellant's trial. In other words, the appellant was actually, though erroneously, favored by the course observed by the trial court.

[3, 4] The appellant also questioned the authority of the supernumerary judge to preside at his trial. Such an official has the same powers, and may discharge the same functions, as a circuit judge. Code, § 3279, as amended by the act approved September 8, 1915 (Gen. Acts, p. 355). By the act approved September 30, 1919 (Gen. Acts, p. 858), the counties of Elmore, Chilton, and Autauga were constituted the Nineteenth circuit. On October 10, 1919, the Chief Justice directed the supernumerary judge "to perform and discharge all the duties of a circuit judge" in the Nineteenth circuit, until otherwise directed. It was in virtue of this authority that the supernumerary judge presided at the trial of the appellant. The act of the Chief Justice in directing the supernumerary judge as stated and the discharge of official duty in consonance with that direction was justified by section 4 of the act approved September 18, 1915 (Gen. Acts, p. 592). The fact that amended Code, § 3279, noted above, also authorized the Governor to direct the service of the supernumerary judge did not impair or qualify the subsequently conferred power of the Chief Justice in the premises. Reference to section 4 of the act approved September 18, 1915, supra, shows that the authority conferred on the Chief Justice in the premises is not confined to calling adjourned or special terms, but comprehends the power to order the "calling of the dockets" for the trial of cases thereon. The provisions of sections 3 and 7 of the last-cited act further confirms the indicated view of the intention to confer on the Chief Justice the broadest powers and authority in the proper, prompt, and orderly disposition of the judicial business of the state. There was no absence of power and authority in the supernumerary judge to preside at the trial of appellant.

[5] The remarks of the presiding judge in connection with the giving of the special instruction, requested for the appellant, touching the discrimination of probability of innocence from reasonable doubt were an explanation, not a qualification, of that given charge. Callaway v. Gay, 143 Ala. 524, 529, 39 South. 277. The explanation was not faulty in conception, and was justified.

The judgment is affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.

### On Rehearing.

McCLELLAN, J. Upon reconsideration of the three questions decided in the foregoing opinion, in the light of the brief in support of application the court is not convinced that error underlies the conclusions there stated.

1. ANDERSON, C. J., SOMERVILLE and GARDNER, JJ., and the writer, hold, for the views set down in the original opinion, that no prejudicial, reversible error was committed with respect to the jury matter. Justices

SAYRE, THOMAS, and BROWN dissent on this point.

2. All of the members of the court (except ANDERSON, C. J., not sitting) concur in the foregoing .opinion's treatment of and conclusion upon the objection questioning the authority of the Chief Justice to direct the supernumerary judge to hold the court trying this appellant.

- 3. All of the members of the court—except BROWN, J., who dissents—adhere to the conclusion heretofore announced with respect to the remarks of the trial judge in connection with the instruction given at defendant's instance. It has been often held here that a probability of innocence is the "equivalent" of a reasonable doubt. Whitaker v. State, 106 Ala. 30, 35, 17 South. 456, and cases there cited: Sanders v. Davis, 153 Ala. 375, 385, 44 South. 979; Bones v. State, 117 Ala. 138, 139, 23 South. 138—among others. The comment of the court consisted with this similitude of the phrases indicated.

The application for rehearing is hence overruled.