Dewey Lee Jones was convicted of the murder of Tony Hames, sentenced to thirty-three years' imprisonment, and ordered to pay $2,400 in restitution for funeral expenses. On appeal, Jones argues that the trial court erred in its oral charge to the jury by commenting on the evidence.
The State presented an eyewitness who testified that Jones shot Hames. Another witness testified that Jones told him that he had "killed" Hames.
Jones testified in his own behalf. He stated that he was intoxicated on the day of the killing and did not remember anything. Jones admitted making the statement, "I didn't kill Tony. I don't know who did. If I did kill him, I don't remember it. I haven't seen Tony since Christmas."
Other witnesses for the defendant cast suspicion on Charles Montgomery, who had "meant" to cut the victim's throat the night before the shooting. There was testimony that the defendant was not at the victim's house and that he was too intoxicated to load the shotgun prior to the shooting.
The trial court instructed the jury on the usual principles involved in a criminal trial and specifically charged that, in order to find the defendant guilty of murder or manslaughter, the jury had to be convinced, among other things, "that the Defendant, Dewey Lee Jones, caused the death of Tony Hames, that is, he died as a result of being shot with this shotgun, which has been introduced into evidence." Approximately three hours after beginning their deliberations, the jury requested to be recharged on the elements of murder, manslaughter, and the plea of not guilty and not guilty by reason of mental disease or defect. During those repeated instructions, the trial court stated:
 "Of course you know that Tony Hames is dead. Of course you know that Dewey Lee Jones shot him, because the evidence is not inconclusive there, it is as conclusive as it can be.
 "The only question as I see it that you could consider here is whether or not at the time and place complained of on November the 14th, 1984, with reference to the murder charge, was Dewey Jones so intoxicated and so drunk and so under the influence of alcoholic beverages that he could not form the intent to take the *Page 49 
life of Tony Hames; that's the finding, and that is what you are working on right there; that's the element that you have to be concerned with." (Emphasis added.)
The comment of the trial court constitutes error. "The court may state to the jury the law of the case and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties." Alabama Code 1975, § 12-16-11. A trial court has "original, inherent power . . . to direct the attention of the jury to the undisputed evidence." Tidwell v.State, 70 Ala. 33, 44 (1881). See also Rowe v. State, 243 Ala. 618,624-25, 11 So.2d 749 (1943). Although a judge may instruct a jury "that there is or is not evidence of particular facts when such is the case," Seibold v. State, 287 Ala. 549, 562,253 So.2d 302 (1970), a judge should not comment on the weight of the evidence or draw conclusions from disputed facts.
 "The weight to be given to evidence is wholly within the province of the jury, and any invasion of this province by the court in its orders is error; and any statement by the court, however unintentional, made in the presence of the jury, calculated to control the jury in its consideration of the weight to be given to testimony, will work a reversal, unless it be clearly shown that such remarks have been explained and excluded from them. It may be thought that the criticism of the court is too restrictive and technical; but the principle involved is of such paramount importance, it would be dangerous to permit the least infringement of the rule to pass without correction. The separate province of the court and of the jury must be jealously guarded, and carefully recognized and preserved. It is an `anchor sure and steadfast' to protect those on trial for a violation of law, and to restrain the courts from the exercise of undue influence upon the juries, to whom is committed the important and exclusive right of weighing the evidence." Griffin v. State, 90 Ala. 596, 8 So. 670, 673 (1890).
See also Seibold, 287 Ala. at 562-63, 253 So.2d 302. "An [impermissible] charge upon the effect of the evidence is a charge which instructs the jury that certain facts in issue have been proved, or that certain evidence in the case does or does not establish a certain fact or facts in dispute, or directs the jury what their finding on an issue of fact must be if they believe the evidence in the case." Yarber v. State,437 So.2d 1319, 1326 (Ala.Cr.App. 1981), reversed on other grounds,Ex parte Yarber, 437 So.2d 1330 (Ala. 1983). "[I]f the evidence is in dispute, or affords conflicting inferences, it is reversible error for the court to charge on the effect of the evidence in the oral charge." Cole v. State, 16 Ala. App. 55,58, 75 So. 261 (1917). "The court should so frame its oral charge as not to subject it to the criticism of it being the court's conclusion from facts in dispute. The court in a criminal case has no authority to take any material question of fact from the jury where there is any tendency in the evidence to support it." George v. State, 240 Ala. 632, 638, 200 So. 602
(1941).
The fact remains that however weak the defendant's case or however inconceivable his witnesses' testimony, the weight of that testimony is for the jury. In a criminal jury trial, only the jury can decide which witnesses to believe and which testimony to disregard. In a jury trial, the trial judge has no authority to determine disputed factual issues regardless of how personally convinced the judge might be of the "truth" of one witness's testimony over that of another.
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur. *Page 497