The appellant, James Edward Coffey, was convicted of manslaughter and was sentenced to 30 years in prison.
The state's evidence tended to show that in the early morning hours of August 23, 1987, the appellant shot and killed Bobby Bouldin. The appellant does not contend that he did not shoot Mr. Bouldin; his sole contention at trial was that he acted in self-defense. The appellant raises three issues on appeal.
 I
The appellant initially argues that the trial court erred in giving the following instruction to the jury when he was explaining self-defense:
 "I am not saying that is the evidence in this case, I am giving you this law in the event that you find that to be the evidence, which I don't know what the evidence is."
The appellant contends that this was an improper comment on the evidence. We do not agree.
As Judge Bowen, speaking for this court in Jones v. State,488 So.2d 48 (Ala.Cr.App. 1986), restated:
 " 'An [impermissible] charge upon the effect of the evidence is a charge which instructs the jury that certain facts in issue have been proved, or that certain evidence in the case does or does not establish a certain fact or facts in dispute, or directs the jury what their finding on an issue of fact must be if they believe the evidence in the case.' "
In Jones, the trial court stated in its instructions to the jury, "Of course you know that Dewey Lee Jones shot him, because the evidence is not inconclusive there, it is as conclusive as it can be."
" 'The weight to be given to evidence is wholly within the province of the jury, and any invasion of this province by the court in its orders is error. . . .' " Richardson v. State,403 So.2d 293, 295 (Ala.Cr.App.), aff'd, 403 So.2d 297 (Ala. 1981) (quoting Griffin v. State, 90 Ala. 596, 8 So. 670 (1890)). We do not have such an invasion in the instant case.
This court has stated on many occasions, when reviewing a charge to the jury, that we must evaluate the charge as a whole, to see if the contested part, when viewed with the remainder of the instructions, results in prejudice to the appellant. See Austin v. State, 555 So.2d 324 (Ala.Cr.App. 1989); Weaver v. State, 568 So.2d 309 (Ala.Cr.App. 1989). We cannot take comments made by the trial court as isolated remarks. The trial court also instructed the jury as follows:
 "You are the triers of the facts. . . . You decide — your duty is to decide what the facts are in this case. My duty is to decide what the law is, and there is a division between our duties. . . ."
It is clear to us, after reviewing of the jury instructions, that the trial judge committed no error. His remarks were explanations of his reason for giving the jury an instruction on self-defense. This is permissible. No comment was made on the weight of the evidence. As our Supreme Court stated inWalker v. State, 204 Ala. 474, 85 So. 787 (1920), "The remarks of the presiding judge in connection with the giving of the special instruction, requested for the appellant, . . . were an explanation, not *Page 1268 
a qualification, of that given charge." 204 Ala. at 475,85 So. at 788. No error occurred here.
 II
The appellant next contends that the trial court erred in not giving several of his requested jury instructions to the jury. He states that requested charges 1, 2, 3, and 4 were all valid and appropriate statements of the law and should have been given.
The following occurred at the end of the trial court's oral charge to the jury:
 "The Court: Is there any exception from the defendant?
 "Mr. Di Giulian (Defense Counsel): Judge, I hate to sound like a broken record, but I would again request the fifteen charges be given. The Court, I assume you will deny them again, and I will state my objections. The Court will deny them? And out of an abundance of caution, Judge, when you were charging on self-defense and you talked about retreat and so forth, and you said that if the person was in the home, in their own home, that they would not have to retreat, but that was not the case here. We would, at this point, move for a mistrial on the Court commenting on evidence in that charge.
"The Court: Overruled. Is there anything else?
"Mr. Di Giulian: No, sir."
Defense counsel had, on several occasions prior to the above transaction, requested that his 15 charges be given. That was the extent of his request; he stated no grounds for the trial court's denial of his requested instructions.
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . . Opportunity shall be given to make the objection out of the hearing of the jury. . . ."
Rule 14, A.R.Crim.P.Temp. (Emphasis added.)
Appellant's counsel did not satisfy the requirement of Rule 14, A.R.Crim.P.Temp. Thus, he has not preserved this issue for review on appeal. See Bogan v. State, 529 So.2d 1029
(Ala.Cr.App. 1988).
 III
The appellant next contends that a question asked of the him on cross-examination should have resulted in a mistrial. He was asked about a prior conviction for burglary, which occurred in 1960. He was also asked if at that time he could have received the death penalty for that conviction. Appellant's counsel objected to this and asked for a mistrial. The following occurred:
 "Q (Prosecutor) — It was a case at the time you could have got the death penalty for, but didn't they look forward for it in that case, did they waive the death penalty?
"Mr. Di Giulian: I'm going to object.
"The Court: Sustained.
 "Mr. Di Giulian: I will request the Jury to disregard that and move for mistrial, that's highly inflammatory."
After the above transpired, the trial court recessed the jury and heard arguments from counsel. The trial court overruled the motion for mistrial, but did give the jury an instruction to disregard the question and to consider the prior conviction for purposes of impeachment only.
The granting of a mistrial is an extreme measure. It should be granted only when "justice cannot be insured." Soriano v.State, 527 So.2d 1367, 1371 (Ala.Cr.App. 1988). As this court stated in Cole v. State, 548 So.2d 1093 (Ala.Cr.App. 1989), " 'A motion for mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court.' " 548 So.2d at 1095. "Where the trial court immediately instructs the jury not to consider a fact, that instruction, in effect, removes or excludes that matter from the jury's consideration, and the prejudicial effect of the statement *Page 1269 
is deemed to be cured by such instruction." Soriano,527 So.2d at 1371. In the instant case, the trial court instructed the jury to disregard the question before the question was answered. We believe that any possible prejudice which might have affected the appellant's rights was eradicated by the trial court's instruction. The trial court did not err in denying appellant's motion for mistrial.
For the foregoing reasons this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.