TAYLOR, Presiding Judge.
The appellant, Ewing J. Mayberry II, was convicted of theft of property in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. He was sentenced to 10 years in the penitentiary.
The appellant first contends on appeal that the trial court erred by telling the jury venire during voir dire that the appellant had been tried on the same charge previously. The appellant’s first trial ended in a mistrial. The trial court was trying to ascertain whether any of the veniremembers had been involved in the first trial. The appellant argues that the venire was unduly prejudiced against him by this information.
The appellant also contends that the trial court erred by reading to the venire a list of the victims to determine whether any of the veniremembers were related to the victims by blood or marriage. The appellant was charged with taking money from the funeral home where he was employed, and he contends that the only victim was the funeral home itself and not any particular customer. Therefore, he argues that the venire was given irrelevant and prejudicial information.
However, neither of these arguments was preserved for our review. The appellant did not object to either issue until after the jury had been selected and sworn. “Failure to lodge a timely objection to an improper question asked on voir dire waives the point as error on appeal. C. Gamble, McElroy’s Alabama Evidence, § 426.01(3) (3d ed. 1977).” Burlington Northern R. Co. v. Whitt, 575 So.2d 1011, 1018 (Ala.1990), cert. denied, 499 U.S. 948, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991).
The appellant next contends that the trial court’s instructions on reasonable doubt violated the Due Process Clause of the Fourteenth Amendment and the United States Supreme Court’s holding in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). In Cage, the United States Supreme Court held that the jury instructions given in that case, which equated reasonable doubt with “grave uncertainty,” “actual substantial doubt,” and “moral uncertainty,” violated the Due Process Clause of the Fourteenth Amendment.
However, in Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), the Court modified its holding in Cage. The Court held in Victor that, while it does not condone the use of the above phrases in a reasonable doubt instruction, use of these words does not automatically render the instruction unconstitutional if “taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury.” In Victor, the instructions were stated in alternatives, such as: (1) “[A] doubt that would cause a reasonable person to hesitate or act”; (2) “The jurors were told that they must be convinced of Victor’s guilt ‘after full, fair, and impartial consideration of all the evidence’ and (3) “In determining any issues of fact presented in this case, you should be governed solely by the evidence introduced before you. You should not indulge in speculation, conjectures, or inferences not supported by the evidence.” The Court held that all of these, taken as a whole, would not define reasonable doubt “so as to lead the jury to convict on lesser showing than due process requires.”
“This court has stated on many occasions, when reviewing a charge to the jury, that we must evaluate the charge as a whole, to see if the contested part, when viewed with the *504 remainder of the instructions, results in prejudice to the appellant.” Coffey v. State, 581 So.2d 1266, 1267 (Ala.Cr.App.1991). When viewed as a whole, the trial court’s instructions thoroughly explained reasonable doubt and complied with the standards set out in Victor and Cage. Furthermore, the instructions substantially conformed to the definitions of reasonable doubt given in Instructions 1.4 and 1.5 of the Alabama Pattern Jury Instructions — Criminal (Rev.1994).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.