MADDOX, Justice
(dissenting).
I would grant certiorari review in order to consider Mayberry’s claims (1) that the trial judge erred by informing the jury venire during voir dire that Mayberry had been tried on the same charge previously, and (2) that the trial judge erred by reading to the venire a list of the victims to determine whether any of the veniremembers were related to the victims by blood or marriage.
The Court of Criminal Appeals stated:
“[Njeither of these arguments was preserved for our review. The appellant did not object in regard to either issue until after the jury had been selected and sworn. ‘Failure to lodge a timely objection to an improper question asked on voir dire waives the point as error on appeal.’ Burlington Northern R.R. v. Whitt, 575 So.2d 1011, 1018 (Ala.1990).”
Mayberry v. State, 675 So.2d 502, at 503 (Ala.Cr.App.1995). Based upon a review of the statement of additional facts Mayberry supplied to the Court of Criminal Appeals pursuant to Rule 39(k), Ala.R.App.P., I believe Mayberry has sufficiently shown that the two issues were probably preserved for appellate review. Consequently, I would issue the writ to review Mayberry’s claim that he did, in fact, preserve the issues for appellate review, and if he did, I would remand the cause to the Court of Criminal Appeals to determine whether there was any merit in Mayberry’s arguments regarding the claimed errors.